IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUTAMAX(TM) ADVANCED BIOFUELS LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>GEVO, INC.,<br><br>Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>E.I. DUPONT DE NEMOURS AND CO., a Delaware corporation,<br><br>Counterclaim Defendant. | C.A. No. 11-054 (SLR)(MPT)<br><br>**JURY TRIAL DEMANDED** |

**ANSWER TO AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

In response to Plaintiff Butamax (TM) Advanced Biofuels LLC's ("Butamax") Amended Complaint, Defendant Gevo, Inc. ("Gevo") admits, denies, and avers as follows:

## THE PARTIES

1. Gevo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint and therefore denies them.

2. Admitted.

## JURISDICTION AND VENUE

3. The allegations in paragraph 3 of the Amended Complaint contain legal conclusions and do not require a response. To the degree a response is required, Gevo denies the allegations set forth in paragraph 3.

4. Gevo admits that it is a Delaware corporation with a registered Delaware agent. The remaining portions of paragraph 4 of the Amended Complaint are legal conclusions that do not require a response. To the degree a response is required, Gevo denies the allegations set forth in paragraph 4 not expressly admitted.

5. The allegations in paragraph 5 of the Amended Complaint are legal conclusions and do not require a response. To the degree a response is required, Gevo denies the allegations set forth in paragraph 5.

**BACKGROUND**

6. Gevo admits that the face of the ‘188 patent recites the information in this paragraph of the Complaint. Gevo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Amended Complaint and therefore denies the truth of them.

7. Gevo admits that Exhibit A is a copy of the ‘188 patent. Gevo admits that the ‘188 patent purports to disclose and claim recombinant microbial host cells. Gevo denies all facts in paragraph 7 of the Amended Complaint not expressly admitted.

8. Denied.

9. Gevo admits that the face of the ‘889 patent recites the information in paragraph 9 of the Amended Complaint. Gevo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies the truth of them.

10. Gevo admits that Exhibit B is a copy of the ‘889 patent. Gevo admits that the ‘889 patent purports to disclose and claim recombinant yeast microorganisms. Gevo denies all allegations in paragraph 10 of the Amended Complaint not expressly admitted.

11. Denied

12. Gevo does not make isobutanol using host cells that comprise or use the specific enzymes required by the claims of the ‘188 or ‘889 patent, and therefore denies any allegation that Gevo's host cells make isobutanol through any pathway claimed in the ‘188 or ‘889 patent. Gevo makes recombinant microbial host cells by engineering DNA constructs containing various isobutanol pathway genes and integrating them into the cells. The recombinant microbial host cells made and used by Gevo include strains of yeast. Gevo denies all allegations in paragraph 12 of the Amended Complaint not expressly admitted.

13. Denied.

14. Denied.

15. Gevo has produced isobutanol at a pilot facility. Gevo has purchased an ethanol facility to produce isobutanol. Gevo has entered into a joint venture to convert an ethanol facility to produce isobutanol. Gevo denies all allegations in paragraph 15 of the Amended Complaint not expressly admitted.

16. Gevo has entered into two agreements with third parties to supply them with isobutanol. Gevo denies all allegations in paragraph 16 of the Amended Complaint not expressly admitted.

**<u>COUNT I – INFRINGEMENT OF ‘188 PATENT</u>**

17. Gevo incorporates by reference the answers contained in paragraphs 1-16 of the Amended Complaint.

18. Denied.

19. Gevo denies all allegations in paragraph 19 of the Amended Complaint.

20. Gevo denies all allegations in paragraph 20 of the Amended Complaint.

## COUNT II – INFRINGEMENT OF '889 PATENT

21. Gevo incorporates by reference the answers contained in paragraphs 1-20 of the Amended Complaint.

22. Denied.

23. Gevo denies all allegations in paragraph 23 of the Amended Complaint.

## REQUEST FOR RELIEF

This section constitutes a request for relief to which a response is not required. To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Gevo denies each and every such allegation. Specifically, Gevo denies that Butamax is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

Gevo joins Butamax's request for a jury trial on all issues triable by jury.

## GENERAL DENIAL

Gevo denies any allegations in the Amended Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

### I. Non-Infringement of the '188 Patent

Gevo does not make, use, sell, offer to sell or import any recombinant microbial host cells that infringe the `188 Patent. Gevo has not and does not infringe any claims of the '188 Patent.

### II. Non-Infringement of the '889 Patent

Gevo does not make, use, sell, offer to sell or import any recombinant microbial host cells that infringe the `889 Patent. Gevo has not and does not infringe any claims of the '889 Patent.

**III. Invalidity of the '188 Patent**

The '188 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. 101, 102, 103, 112, and 116.

**IV. Invalidity of the '889 Patent**

The '889 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. 101, 102, 103, 112, and 116.

**V. Limitation on Damages**

Butamax's claims for monetary relief, if any, are limited by 35 U.S.C. 287.

**VI. Injunctive Relief**

Butamax is not entitled to injunctive relief because any injury to Butamax is not immediate or irreparable, and Butamax has an adequate remedy at law.

**VII. Unclean Hands**

Butamax's claims for relief are barred, in whole or in-part, by the equitable doctrine of unclean hands.

**COUNTERCLAIMS**

Gevo, Inc. ("Gevo") counterclaims against Butamax(TM) Advanced Biofuels LLC ("Butamax") and complains against E.I. DuPont De Nemours and Co. ("DuPont"), as follows:

**The Parties**

1. Gevo is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Englewood, Colorado.

2. Butamax is a limited liability corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Wilmington, Delaware. Butamax is jointly owned by DuPont and B.P. p.l.c. ("BP").

3. DuPont is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Wilmington, Delaware.

4. On information and belief, Butamax was formed in July 2009 for the purpose of commercializing technology that BP and DuPont have been jointly developing since 2004.

5. On information and belief, individuals employed by DuPont engage in research and development activities related to the subject matter of these counterclaims, including the inventors named on the face of the '188 and '889 patents.

6. On information and belief, Butamax engages in research and development related to the subject matter of these counterclaims using facilities located in the DuPont Experimental Station.

7. On information and belief, DuPont directs Butamax to engage in research and development activities related to the subject matter of these counterclaims, and controls the manner in which these activities are performed.

**Jurisdiction and Venue**

8. Gevo's counterclaims arise under the Declaratory Judgment Act and the patent laws of the United States, including Title 35, United States Code. This court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

9. This court has personal jurisdiction over Butamax because Butamax has submitted itself to this court's jurisdiction by filing its Complaint in this court. Butamax is a Delaware limited liability company and has committed acts within Delaware and this judicial

district which give rise to this action, including ongoing research and development activities related to the subject matter of these counterclaims. Butamax maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over Butamax would not offend traditional notions of fair play and substantial justice.

10. This court has personal jurisdiction over DuPont because DuPont is incorporated in Delaware and has committed acts within Delaware and this judicial district which give rise to this action, including ongoing research and development activities related to the subject matter of these counterclaims. DuPont maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over DuPont would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**The Patents-in-Suit**

12. On September 13, 2011, United States Patent No. 8,017,375 ("the '375 Patent") entitled "Yeast Organism Producing Isobutanol at a High Yield" issued to Reid M. Renny Feldmen, Uvini Gunawardena, Jun Urano, Peter Meinhold, Aristos A. Aristidou, Catherine Asleson Dundon, and Christopher Smith. A true and correct copy of the '375 Patent is attached hereto as Exhibit 1. The entire right, title, and interest to the '375 Patent has been assigned to Gevo. Gevo is the owner and possessor of all rights pertaining to the '375 Patent.

13. The '375 Patent discloses and claims recombinant yeast microorganisms with reduced pyruvate decarboxylase (PDC) activity for the improved production of isobutanol.

14. On September 13, 2011, United States Patent No. 8,017,376 ("the '376 Patent") entitled "Methods of Increasing Dihydroxy Acid Dehydratase Activity to Improve Production of Fuels, Chemicals, and Amino Acids" issued to Catherine Asleson Dundon, Aristos Aristidou,

Andrew Hawkins, Doug Lies, and Lynne H. Albert. A true and correct copy of the '376 Patent is attached hereto as Exhibit 2. The entire right, title, and interest to the '376 Patent has been assigned to Gevo. Gevo is the owner and possessor of all rights pertaining to the '376 Patent.

15. The '376 Patent discloses and claims recombinant yeast microorganisms with increased activator of ferrous transport ("Aft") expression for the improved production of fuels, chemicals, and amino acids.

**FIRST COUNTERCLAIM**
**Infringement of the '375 Patent**
**Against Butamax and DuPont**

16. Gevo incorporates by reference the allegations set forth in paragraphs 1-15 of these Counterclaims.

17. Gevo is the sole holder of the entire right, title and interest in the '375 Patent.

18. To the best of Gevo's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, Butamax and/or DuPont make recombinant yeast microorganisms by engineering DNA constructs containing isobutanol pathway genes and integrating them into the yeast microorganisms. These constructs encode enzymes including (a) an acetolactate synthase; (b) a ketol-acid reductoisomerase; (c) a dihydroxyacid dehydratase; (d) an α-ketoisovalerate decarboxylase; and (e) an alcohol dehydrogenase. The recombinant yeast microorganisms made and used by Butamax and/or DuPont are also engineered to disrupt, mutate, or delete one or more endogenous pyruvate decarboxylase (PDC) genes. The recombinant yeast microorganisms made and used by Butamax and/or DuPont produce: (A) isobutanol at a yield which is at least 10% of the theoretical yield of isobutanol from glucose; and/or (B) ethanol at a yield which is 1.8% or less of the theoretical yield of ethanol from glucose. These allegations have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

19. On information and belief, Butamax and/or DuPont produce isobutanol using the recombinant yeast microorganisms described in paragraph 18.

20. On information and belief, Butamax directly and/or indirectly infringes one or more claims of the ‘375 Patent by, without authorization, making, using, offering to sell, selling and/or importing into the United States the recombinant yeast microorganisms described in paragraph 18.

21. On information and belief, DuPont directly and/or indirectly infringes one or more of the claims of the ‘375 Patent by without authorization making, using, offering to sell, selling and/or importing into the United States the recombinant yeast microorganisms described in paragraph 18.

22. On information and belief, DuPont has induced others, including Butamax, to infringe one or more of the claims of the ‘375 Patent by without authorization assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States, the recombinant yeast microorganisms described in paragraph 18.

23. On information and belief, Butamax and/or DuPont have made substantial preparations with intent to make and use the recombinant yeast microorganisms described in paragraph 18, which would constitute direct and/or indirect infringement of one or more claims of the ‘375 Patent.

24. On information and belief, Butamax and/or DuPont’s infringing activities have already occurred and will continue unless enjoined by this Court. Butamax and/or DuPont’s infringement of the ‘375 Patent causes harm to Gevo. Thus, a real and substantial controversy exists between Gevo, on one hand, and Butamax and DuPont on the other.

25. As a result of Butamax's and/or DuPont's infringement of the '375 Patent, Gevo has suffered irreparable harm for which Gevo has no adequate remedy at law.

**SECOND COUNTERCLAIM**
**Infringement of the '376 Patent**
**Against Butamax and DuPont**

26. Gevo incorporates by reference the allegations set forth in paragraphs 1-25 of these Counterclaims.

27. Gevo is the sole holder of the entire right, title and interest in the '376 Patent.

28. To the best of Gevo's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, Butamax and/or DuPont makes recombinant yeast microorganisms overexpressing one or more polynucleotides encoding one or more activator of ferrous transport (Aft) proteins to increase the dehydratase activity of dihydroxy acid dehydratase for the increased production of fuels, chemicals, and amino acids. The recombinant yeast microorganisms made and used by Butamax and/or DuPont include strains of yeast engineered for the increased production of isobutanol. These allegations have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

29. On information and belief, Butamax directly and/or indirectly infringes one or more claims of the '376 Patent by, without authorization, making, using, offering to sell, selling and/or importing into the United States the recombinant yeast microorganisms described in paragraph 28.

30. On information and belief, DuPont directly and/or indirectly infringes, one or more of the claims of the '376 Patent by without authorization making, using, offering to sell, selling and/or importing into the United States the recombinant yeast microorganisms described in paragraph 28.

31. On information and belief, DuPont has induced others, including Butamax, to infringe one or more of the claims of the ‘376 Patent by without authorization assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States, the recombinant yeast microorganisms described in paragraph 28.

32. On information and belief, Butamax and/or DuPont have made substantial preparations with intent to make and use the recombinant yeast microorganisms described in paragraph 28, which would constitute direct and/or indirect infringement of one or more claims of the ‘376 Patent.

33. On information and belief, Butamax and/or DuPont’s infringing activities have already occurred and will continue unless enjoined by this Court. Butamax and/or DuPont’s infringement of the ‘376 Patent causes harm to Gevo. Thus, a real and substantial controversy exists between Gevo, on one hand, and Butamax and DuPont on the other.

34. As a result of Butamax’s and/or DuPont’s infringement of the ‘376 Patent, Gevo has suffered irreparable harm for which Gevo has no adequate remedy at law.

35. On information and belief, DuPont’s infringement of the ‘376 Patent will continue unless enjoined by this Court. As a result of DuPont’s infringement of the ‘376 Patent, Gevo has suffered irreparable harm for which Gevo has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Gevo respectfully requests the following relief:

a) That judgment be entered declaring that Butamax and/or DuPont has/have infringed one or more claims of the ‘375 Patent by making, using, offering to sell, selling and/or importing into the United States recombinant yeast microorganisms as claimed in the ‘375 patent.

b) That judgment be entered declaring that Butamax and/or DuPont has/have infringed one or more claims of the '376 Patent by making, using, offering to sell, selling and/or importing into the United States recombinant yeast microorganisms as claimed in the '376 Patent.

c) That judgment be entered declaring that DuPont has induced others to infringe one or more of the claims of the '375 Patent by without authorization assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States, recombinant yeast microorganisms as claimed in the '375 Patent, and that DuPont's inducement of others to infringe are acts of infringement of one or more claims of the '375 Patent.

d) That judgment be entered declaring that DuPont has induced others to infringe one or more of the claims of the '376 Patent by without authorization assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States, recombinant yeast microorganisms as claimed in the '376 Patent, and that DuPont's inducement of others to infringe are acts of infringement of one or more claims of the '376 Patent.

e) That this Court adjudge and decree that Butamax and/or DuPont have been and are currently infringing the '375 Patent;

f) That this Court adjudge and decree that Butamax and/or DuPont have been and are currently infringing the '376 Patent;

g) That this Court adjudge and decree that DuPont is inducing others to infringe the '375 Patent;

h) That this Court adjudge and decree that DuPont is inducing others to infringe the ‘376 Patent;

i) That this Court enter an order that Butamax and/or DuPont and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from infringing the ‘375 Patent;

j) That this Court enter an order that Butamax and/or DuPont and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from infringing the ‘376 Patent;

k) That this Court enter an order that DuPont and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from inducing others to infringe the ‘375 Patent;

l) That this Court enter an order that DuPont and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from inducing others to infringe the ‘376 Patent;

m) That this Court award damages to Gevo to compensate it for each of the unlawful actions set forth in Gevo’s counterclaims;

n) That this Court award interest on such damages to Gevo;

o) That this Court determine that this patent infringement case is exceptional and award Gevo its expenses including its attorneys’ fees incurred in this action pursuant to 35 U.S.C. § 285;

p) That interests, costs and expenses be awarded in favor Gevo;

q) That this Court order such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Gevo respectfully requests a trial by jury on all issues triable thereby.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com

*Attorneys for Defendant/Counterclaim Plaintiff Gevo, Inc.*

OF COUNSEL:

James P. Brogan
Wayne O. Stacy
Orion Armon
Ann Marie Byers
Carolyn V. Juarez
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
(720) 566-4000

Michelle S. Rhyu
Adam Pivovar
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000

September 13, 2011
4487558.1

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 13, 2011, upon the following individuals in the manner indicated:

**BY E-MAIL**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

**rhorwitz@potteranderson.com**
**dmoore@potteranderson.com**

**BY E-MAIL**

Leora Ben-Ami
Christopher Jagoe
Hank Heckel
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022

**lbenami@kayescholer.com**
**cjagoe@kayescholer.com**
**hheckel@kayescholer.com**

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)