IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUTAMAX™ ADVANCED BIOFUELS LLC, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| GEVO, INC., a Delaware corporation, | ) **C.A. No. 1:11-cv-00054 (SLR) (MPT)** |
| | ) |
| Defendant/Counterclaim Plaintiff, | ) **JURY TRIAL DEMANDED** |
| | ) |
| v. | ) |
| | ) |
| E.I. DUPONT DE NEMOURS AND CO., | ) |
| a Delaware corporation, | ) |
| | ) |
| Counterclaim Defendant. | ) |
| | ) |

## GEVO, INC.'S ANSWERING BRIEF IN OPPOSITION TO BUTAMAX ADVANCED BIOFUELS LLC'S MOTION TO DISMISS FIRST AND SECOND COUNTERCLAIMS

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
    *Attorneys for Plaintiff Gevo, Inc.*

OF COUNSEL:

James P. Brogan
Wayne O. Stacy
Orion Armon
Ann Marie Byers
Carolyn Juarez
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
(720) 566-4000

Michelle S. Rhyu
Jesse Dyer
Dan Knauss
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000
February 6, 2012

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS .................................................................................. 2

III. LEGAL STANDARDS ....................................................................................... 5

IV. ARGUMENT.........................................................................................................8

   A.   Gevo Has Alleged Sufficient Facts To Survive a Motion to Dismiss Under Rule 12…...8

   B.   Gevo's Well-Pleaded Allegations Are Not Negated by Butamax's Unverified Counter-

   Counterclaims .............................................................................................. 10

   C.   In This Technology-Intensive Case, Claim Construction and Infringement

   Determinations Are Inappropriate for a Motion to Dismiss .................................... 11

   D.   Butamax's Motion Should Not Be Treated as a Summary Judgment Motion............... 14

   E.   Gevo's Counterclaims Can Only Be Considered for Summary Judgment in View of

   Competent Evidence ......................................................................................... 15

V.  CONCLUSION ...................................................................................................... 16

# TABLE OF AUTHORITIES

CASES                                                                                                    PAGE(S)

*Adickes v. S.H. Kress & Co.*,
   90 S. Ct. 1598 (1970).....................................................................................................15

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
   261 F.3d 1329 (Fed. Cir. 2001)....................................................................................13

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2nd Cir. 2010)..........................................................................................9

*Bird Barrier Am., Inc. v. Bird-B-Gone, Inc.*,
   No. SACV 09-0418.....................................................................................................8, 12

*Brautigam v. Fraley*,
   684 F. Supp. 2d 589 (M.D. Pa. 2010).........................................................................11

*Burnett v. Stagner Hotel Courts, Inc.*,
   821 F. Supp. 678 (N.D.Ga. 1993).................................................................................14

*Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GMBH*,
   Civil Action No. 10-453 (FLW), 2010 WL 5239238 (D.N.J. Dec. 16, 2010)...........................9

*Cima Labs, Inc. v. Actavis Group HF*,
   Civ. Nos. 07-893 (DRD), 06-1970, No. 06-1999 (DRD),
   2007 WL 1672229 (D.N.J. Jun. 07, 2007).....................................................................8

*Continental Ins. Co. v. Atlantic Cas. Ins. Co.*,
   No. 07 Civ. 3635(DC), 2009 WL 1564144 (S.D.N.Y., 2009)...................................14

*Deston Therapeutics LLC v. Trigen Labs., Inc.*,
   723 F. Supp. 2d 665 (D. Del. 2010)................................................................................7

*Discflo Corp. v. Am. Process Equip., Inc.*,
   No. 11cv00476 BTM (RBB), 2011 WL 6888542 (S.D. Cal. Dec. 29, 2011).....................7, 13

*DR Sys., Inc. v. Avreo, Inc.*,
   No. 11-cv-0932 BEN (WVG), 2011 WL 4850171 (S.D. Cal. Oct. 12, 2011)...................7, 13

*EON Corp. IP Holdings LLC v. FLO TV Inc*,
   802 F. Supp. 2d 527 (D. Del. 2011).................................................................................7

*Ferrell v. Cmty. Mgmt. Servs., LLC*,
   Civ. No. 10-205-SLR, 2011 WL 1750452 (D. Del. May 06, 2011) (Robinson, J.) ...........5, 10

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*,
   493 F.3d 1368 (Fed. Cir. 2007) (en banc) ...............................................................13

*Fujitsu Ltd. v. Belkin Int'l, Inc.*,
   782 F. Supp. 2d 868 (N.D. Cal. 2011) ...............................................................7, 13

*Gen. Mills, Inc. v. Hunt-Wesson, Inc.*,
   103 F.3d 978 (Fed. Cir. 1997) ...............................................................................11

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
   70 S. Ct. 854 (1950) ...............................................................................................13

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   695 F. Supp. 2d 680 (S.D. Ohio 2010) ...................................................................7

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3rd Cir. 1997) ..................................................................................6

*In re Papst Licensing GMBH & Co. KG Litig.*,
   585 F. Supp. 2d 32 (D.D.C. 2008) ...........................................................................9

*In re Rockefeller Ctr. Props. Sec. Litig.*,
   184 F.3d 280 (3rd Cir. 1999) ....................................................................................6

*Jablonski v. Pan Am. World Airways, Inc.*,
   863 F.2d 289 (3rd Cir. 1988) ....................................................................................6

*Jang v. Boston Scientific Scimed, Inc.*,
   --- F. Supp. 2d. ---, Civ. No. 10-681-SLR, 2011 WL 4527319 (D. Del. Sept. 30, 2011)
   (Robinson, J.) .....................................................................................................5, 11

*L-7 Designs, Inc. v. Old Navy LLC*,
   647 F.3d 419 (2nd Cir. 2011) ..................................................................................10

*Markman v. Westview Instruments*,
   52 F.3d 967 (Fed. Cir. 1995) (*en banc*) ..................................................................12

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) .........................................................................6, 7, 9

*Monec Holding A.G. v. Apple, Inc.*,
   Civ. No. 09-00312 (E.D. Va. July, 17, 2009) ........................................................12

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
   521 F.3d 1351 (Fed. Cir. 2008) ..............................................................................12

*Pfizer Inc. v. Ranbaxy Labs. Ltd*,
   321 F. Supp. 2d 612 (D. Del. 2004) dismissed .....................................................11

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005)............................................................................12

*Presbyterian Church (U.S.A.) v. U.S.*,
752 F. Supp. 1505 (D. Ariz. 1990) ......................................................................14

*Revell v. Port Auth. of N.Y. & N.J.*,
598 F.3d 128 (3rd Cir. 2010), *cert. denied*, 131 S. Ct. 995 (2011)....................5, 10

*Schreiber v. Eli Lilly & Co.*,
No. Civ. A. 05CV2616, 2006 WL 782441 (E.D. Pa. Mar. 27, 2006).......................8

*Shamrock Holdings. v. Arenson*,
456 F. Supp. 2d 599 (D. Del. 2006).......................................................................5

*Southmark Prime Plus, L.P. v. Falzone*,
776 F. Supp. 888 (D. Del. 1991)............................................................................6

*Tech. Patents, LLC v. Deutsche Telekon AG*,
573 F. Supp. 2d 903 (D. Md. 2008) .......................................................................8

*TQP Dev., LLC v. Ticketmaster Entm't, Inc.*,
No. 2:09-CV-279-TJW, 2010 WL 1740927 (E.D. Tex. Apr. 29, 2010)..................8

*Truck Upfit, Inc. v. Chevrolet Motor Div. Gen. Motors Corp.*,
No. CIV–81–177E, 1983 WL 319 (W.D.N.Y., Feb. 22, 1983) .............................14

*Vehicular Tech. Corp. v. Titan Wheel Int'l, Inc.*,
212 F.3d 1377 (Fed. Cir. 2000).............................................................................13

*Venetec Int'l, Inc v. Nexus Med., LLC*,
541 F. Supp. 2d 612 (D. Del. 2008) (Thynge, J.) ..............................................6, 10

*Xpoint Techs., Inc. v. Microsoft Corp.*,
730 F. Supp. 2d 349 (D. Del. 2010) (Robinson, J.) .........................................6, 7, 9

*Yangaroo Inc. v. Destiny Media Techs., Inc.*,
No. 09-C-462, 2009 WL 2836643 (E.D. Wis. Aug. 31, 2009)...........................8, 12

## Rules and Statutes

Fed. R. Civ. P. 12 ...................................................................................... *passim*

Fed. R. Civ. P. 26 .............................................................................................5

Fed. R. Civ. P. 34 .............................................................................................5

## I.    INTRODUCTION

Butamax's Rule 12(c) "motion to dismiss" is a thinly disguised, case dispositive motion for summary judgment of noninfringement, which requires the Court to construe Gevo's patent claims and then to conduct a literal and doctrine of equivalents infringement analysis.  Without fact and expert discovery, including infringement and validity contentions, it is far too early to present fully these significant issues of law and fact.  Indeed, it is well-settled that resolution of claim construction and infringement is ***strongly disfavored*** on a motion to dismiss record.

Butamax's motion should be denied because Gevo's complaint fully satisfies the requirements under Rule 12 to state a claim upon which relief may be granted.  Butamax's motion turns the law governing motions on the pleadings on its head, ignoring Gevo's properly pleaded allegations and relying on its own unverified allegations and attachments to its Answer and Counter-Counterclaims as fact.  These submissions cannot negate Gevo's properly pleaded allegations of infringement and constitute incompetent evidence to establish facts in any case.  Proper application of Rule 12 renders Butamax's elaboration of its claim construction and infringement theories utterly irrelevant.  Gevo has pleaded a proper complaint, and Butamax should not be permitted to distort the Rule 12 mechanism to deprive Gevo of its day in court.

Finally, if the Court opts to convert Butamax's motion for judgment on the pleadings into a motion for summary judgment and, importantly, requires Butamax to provide competent evidentiary support for that motion, then Gevo, following proper discovery, will provide evidence, including fact and expert testimony, demonstrating that numerous genuine issues of fact exist which preclude summary judgment.  The evidence will show not only that Butamax and DuPont infringe under the correct constructions of the '375 and '376 patents, but also that the evidence supports findings of infringement under Butamax's flawed constructions.

## II.    STATEMENT OF FACTS

This is a complex patent infringement suit involving the long-known metabolic pathway for producing isobutanol in yeast, and the recently discovered genetic manipulations that materially enhance expression of isobutanol.  Butamax first asserted two patents against Gevo relating to the long-known isobutanol pathway.  Gevo answered and filed counterclaims on Sept. 13, 2011.  These counterclaims assert that Butamax and DuPont (collectively referred to herein as "Butamax") infringe two Gevo patents, 8,017,375 (the "'375 patent") and 8,017,376 (the "'376 patent.")

Gevo's counterclaims were thorough and included the following categories of allegations:  1) jurisdiction (CC[1] ¶¶ 8-11); 2) ownership of the '375 and '376 patents (CC ¶¶ 12, 14); 3) infringement by Butamax (CC ¶¶ 18, 28); 4) notice to Butamax of its infringement (CC ¶¶ 20-21, 29-30); and 5) that damages and injunctive relief were demanded (CC ¶¶ 24-25, 34-35, and pp. 11-13).  Specifically, Gevo alleged that Butamax infringed the '376 patent by making, using, offering to sell, selling, and/or importing:

> recombinant yeast microorganisms overexpressing one or more polynucleotides encoding one or more activator of ferrous transport (Aft) proteins to increase the dehydratase activity of dihydroxy acid dehydratase for the increased production of fuels, chemicals, and amino acids.

(CC ¶ 28.)  Similarly, Gevo alleged that Butamax infringed the '375 patent by making, using, offering to sell, selling, and/or importing:

> recombinant yeast microorganisms by engineering DNA constructs containing isobutanol pathway genes and integrating them into the yeast microorganisms. These constructs encode enzymes including (a) an acetolactate synthase; (b) a ketol-acid reductoisomerase; (c) a dihydroxyacid dehydratase; (d) an α-

---

[1]    For the Court's convenience, Gevo adopts the same abbreviations for the pleadings that Butamax employed in its brief:  "CC" refers to Gevo's counterclaims, "CCC" refers to Butamax's answer and "counter-counterclaims," and "ACC" refers to Gevo's answer to Butamax's "counter-counterclaims."   (*See* Butamax Memorandum in support of its Motion to Dismiss ("MTD") at 3 n.6.)

ketoisovalerate decarboxylase; and (e) an alcohol dehydrogenase. The recombinant yeast microorganisms made and used by Butamax and/or DuPont are also engineered to disrupt, mutate, or delete one or more endogenous pyruvate decarboxylase (PDC) genes. The recombinant yeast microorganisms made and used by Butamax and/or DuPont produce: (A) isobutanol at a yield which is at least 10% of the theoretical yield of isobutanol from glucose; and/or (B) ethanol at a yield which is 1.8% or less of the theoretical yield of ethanol from glucose.

(*Id.* ¶ 18.) Gevo filed its counterclaims on the basis of several public disclosures by Butamax which give Gevo reason to believe that Butamax is infringing its patents. (ACC ¶ 11.)

Butamax answered Gevo's counterclaims and denied Gevo's allegations of infringement. Butamax also added 181 counter-counterclaim paragraphs, in which it set forth allegations relating to how its microorganisms are purported to work. Butamax also appended 27 attachments to this responsive pleading. Butamax's Answer and Counter-Counterclaims are unverified. That is, no declarant with knowledge of the matters alleged has sworn to the veracity of the allegations in Butamax's responsive pleading, and none of the attachments has been authenticated. Despite this, Butamax's motion to dismiss is premised on treating the allegations in its counter-counterclaims, paragraphs 136-140, 142, 145 & 146, as true. (*See* MTD at 12-13 and 19.) Gevo answered these counter-counterclaims, denying them on the basis of lack of sufficient information. (ACC ¶¶ 136-140, 142, 145-46.)

Butamax has repeatedly refused to provide verified information or to cooperate with discovery about its isobutanol producing yeast strains. Shortly before Gevo's '375 and '376 patents issued, Butamax contacted Gevo, claiming it was not infringing and offering to verify its noninfringement. (ACC ¶ 13; Declaration of Thomas Grimm "Grimm Decl.," Ex. A.) However, Butamax provided nothing more than unverified representations by Butamax's in-house counsel, which conflicted with the publicly available evidence.[2] Gevo then filed its counterclaims on the

_____

[2]     This publicly available information included several published Butamax and DuPont patent applications. *See* ACC ¶ 12; *citing* patent applications US 2009/0305363; US

deadline for answering Butamax's amended complaint.  Gevo also requested further discussions to obtain verification of the representations made by Butamax's counsel, so that any unnecessary claims could be withdrawn from this litigation.   (ACC ¶ 15; Grimm Decl. Ex. B.)   Butamax refused to cooperate in this verification process, despite its earlier offer to do so.  Specifically, Butamax refused to provide information in response to Gevo's requests on the following topics:

a)   Disclosure of claim constructions supporting Butamax's asserted non-infringement and invalidity positions;

b)   Production of documents supporting Butamax's non-infringement and invalidity positions;

c)   Production of documents evidencing, referring to, or relating to all notices and instructions alleged in the letters to have been provided to Butamax's agents and employees;

d)   Identification of all "Materials" referenced in the letters that have actually been segregated by Butamax, its employees, and agents, including a detailed description of such "Materials";

e)   Disclosure of what has been done with all segregated "Materials" (including whether such materials have been destroyed);

f)   Identification of the differences between any segregated recombinant yeast host cells and those recombinant yeast host cells that Butamax continues to use in the U.S.;

g)   Production of documents describing all recombinant yeast host cells that Butamax continues to use in the U.S.; and

h)   Production of cell samples of all yeast strains that Butamax continues to use in the U.S. and intends to use for commercial isobutanol production.

(ACC ¶ 15; Grimm Decl. Ex. C.)  Instead, Butamax provided only a handful of unsworn attorney statements, a single confidential provisional patent application as a basis for its proof of noninfringement, and a "Strain Segregation Form" which was blank.  (ACC ¶ 15; Grimm Decl.

---

2009/0305370;   US   2010/0120105;   US   2010/0129886;   US   2010/0129887; WO/2010/099524;   US   2010/0221802;   US   2011/0097773;   US   2011/0124060; WO/2011/041415; US 2011/0136193; WO/2011/063391; WO/2011/103300 (*attached to* ACC as Exs. M-Y).

Ex. D.)

Butamax has also stonewalled formal fact discovery related to Gevo's counterclaims. For example, Gevo has sought microorganism samples from Butamax that would allow some of the many disputed facts at issue in Gevo's counterclaims to be investigated.  (Grimm Decl. Ex. E.)  Rather than provide those samples in compliance with its Rule 26 and 34 obligations, Butamax has refused these requests in their entirety, arguing that discovery has not yet been scheduled on Gevo's counterclaims.  (*See, e.g.*, "Plaintiff's Objections and Responses to Gevo Inc.'s Fourth Set of Requests for Production of Documents and Things (Nos. 113-117), Grimm Decl. Ex. F at 6-7.)  By contrast, Butamax has benefitted from expansive discovery for its own claims from Gevo, including over 300,000 produced documents and numerous DNA constructs, proteins, and cell strains.  (Grimm Decl. ¶ 8.)

## III.    LEGAL STANDARDS

Butamax's motion for judgment on the pleadings under Rule 12(c) is governed by the same standards that apply to a motion to dismiss made under Rule 12(b)(6).  *See, e.g., Ferrell v. Cmty. Mgmt. Servs., LLC*, Civ. No. 10-205-SLR, 2011 WL 1750452, at *1 (D. Del. May 06, 2011) (Robinson, J.), *citing Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3rd Cir. 2010), *cert. denied*, 131 S. Ct. 995 (2011); *see also Jang v. Boston Scientific Scimed, Inc.*, --- F. Supp. 2d. ---, Civ. No. 10-681-SLR, 2011 WL 4527319, at *3 (D. Del. Sept. 30, 2011) (Robinson, J.).  Under this standard, the Court must accept all the factual allegations in Gevo's counterclaims as true and take them in the light most favorable to Gevo.  *Ferrell*, 2011 WL 1750452 at *1.  Judgment on the pleadings should only be granted "if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law."  *Shamrock Holdings. v. Arenson*, 456 F. Supp. 2d 599, 604 (D. Del. 2006), citing

*Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3rd Cir. 1988); *see also Venetec Int'l, Inc v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008) (Thynge, J.). Because Rule 12(c) "provides for the summary disposition of a party's claims on their merits before discovery, such motions are disfavored." *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 891 (D. Del. 1991). If the Court considers any materials extraneous to the pleadings (and attachments thereto), such consideration converts the motion into one for summary judgment. Fed. R. Civ. P. 12(d); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3rd Cir. 1997). In that event, however, Rule 12(d) states that the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d); *see also In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287-88 (3rd Cir. 1999)

In the context of a patent case, a complaint is sufficient for Rule 12 purposes if it "place[s] the accused infringer on notice as to what he must defend." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 352 (D. Del. 2010) (Robinson, J.), *quoting McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). A complaint is sufficient to put an accused infringer on notice if it contains five elements: "(1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by 'making, selling, and using [the device] embodying the patent;' (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Id.* The identification of the allegedly infringing product, however, does not require a description of "how the allegedly infringing products work," and it is not necessary for the complaint to "identify specific products, i.e. model names, but plaintiffs pleadings must

mimic Form 18[3] and identify a general category of products." *Xpoint*, 730 F. Supp. 2d at 353; *see also EON Corp. IP Holdings LLC v. FLO TV Inc*, 802 F. Supp. 2d 527, 532 (D. Del. 2011) (referring to Rule 12 requirements for pleading direct infringement as "minimal.") The specific details of an accused product's infringement are "something to be determined through discovery." *Xpoint,* 730 F. Supp. 2d at 353, *quoting McZeal*, 501 F.3d at 1358.

Determination of claim construction and direct infringement is ***strongly disfavored*** on a motion to dismiss, as evidenced by the holdings of courts in this district, including this Court. *See EON Corp.,* 802 F. Supp. 2d at 535 n.7  ("[T]he court agrees that it is not appropriate to resolve questions of claim construction on a motion to dismiss"); *see also Deston Therapeutics LLC v. Trigen Labs., Inc.*, 723 F. Supp. 2d 665, 670-71 (D. Del. 2010) (declining to construe claims on a motion to dismiss and collecting like cases).  District courts across the country uniformly agree.  *See, e.g., Discflo Corp. v. Am. Process Equip., Inc.*, No. 11cv00476 BTM (RBB), 2011 WL 6888542, at *2 (S.D. Cal. Dec. 29, 2011) (a "motion to dismiss is not the proper time to attempt a construction of . . . claim limitations and perform a factual inquiry into the properties of the accused product"); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 889-90 (N.D. Cal. 2011) ("[c]laim construction and infringement analysis should not be resolved on a motion to dismiss"); *DR Sys., Inc. v. Avreo, Inc.*, No. 11-cv-0932 BEN (WVG), 2011 WL 4850171, at *2 (S.D. Cal. Oct. 12, 2011) ("issue[s] of claim construction and infringement [are] not properly considered in a 12(b)(6) motion"); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 688-89 (S.D. Ohio 2010) (patent claims should not be dismissed before claim construction if the motion to dismiss implicates claims construction "in

---

[3]      "Form 18" refers to Federal Rules of Civil Procedure Form 18, (formerly known as Form 16), which provides a sample form complaint for alleging patent infringement in federal court.  *See McZeal*, 501 F.3d at 1356-57.

some significant way"); *TQP Dev., LLC v. Ticketmaster Entm't, Inc.*, No. 2:09-CV-279-TJW, 2010 WL 1740927, at *2 (E.D. Tex. Apr. 29, 2010) (declining to find noninfringement as a matter of law "[w]ithout any discovery or a claim construction"); *Bird Barrier Am., Inc. v. Bird-B-Gone, Inc.*, No. SACV 09-0418 AG (RNBx), 2010 WL 761241, at *3 (C.D. Cal. Mar. 1, 2010) (claim construction is "inappropriate" at the motion to dismiss stage, even though claim construction is a matter of law for the court); *Yangaroo Inc. v. Destiny Media Techs., Inc.*, No. 09-C-462, 2009 WL 2836643, at *3 (E.D. Wis. Aug. 31, 2009) (claim construction inappropriate on dismiss motion in part because it would prevent consideration of extrinsic evidence); *Tech. Patents, LLC v. Deutsche Telekon AG*, 573 F. Supp. 2d 903, 920 (D. Md. 2008) (declining to rule on claim construction at motion to dismiss stage even when neither party had yet presented any extrinsic evidence in the briefing); *Cima Labs, Inc. v. Actavis Group HF*, Civ. Nos. 07-893 (DRD), 06-1970, No. 06-1999 (DRD), 2007 WL 1672229, at *3 (D.N.J. Jun. 07, 2007) (refusing to consider noninfringement arguments presented with Rule 12 motion because doing so would require claim construction); *Schreiber v. Eli Lilly & Co.*, No. Civ. A. 05CV2616, 2006 WL 782441, at *4 n.10 (E.D. Pa. Mar. 27, 2006) ("the proper time for this Court to address claim construction is not in a motion to dismiss".)

## IV.   ARGUMENT

### A.   Gevo Has Alleged Sufficient Facts To Survive a Motion to Dismiss Under Rule 12

Gevo has satisfied the pleading requirements under Rule 12.  A complaint is sufficient for Rule 12 purposes if it contains "(1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by 'making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."

*Xpoint*, 730 F. Supp. 2d at 352, *quoting McZeal*, 501 F.3d at 1357.  Gevo has fulfilled each of these requirements, providing jurisdiction allegations in paragraphs 8-11; a statement of ownership in paragraphs 12 and 14; a statement regarding Butamax's infringement in paragraphs 18 and 28; notice to Butamax of its infringement in paragraphs 20-21 and 29-30; and a demand for injunction and damages in paragraphs 24-25 and 34-35 and pages 11-13.  Paragraphs 18 and 28 of Gevo's counterclaims, excerpted *supra* at 3-4, provide requisite details regarding Butamax's alleged infringement.  This level of detail is more than sufficient for Rule 12 purposes, and indeed more detail could not be provided without the fact discovery that Butamax has steadfastly resisted.  The sufficiency of Gevo's counterclaims is evidenced by Butamax's apparent need to answer with 181 paragraphs of "counter-counterclaims," which set forth Butamax's various defenses and unsworn allegations in response to Gevo's infringement counterclaims.  No more than notice is required under Rule 12 (*Xpoint*, 730 F. Supp. 2d at 352), and ***Butamax has not challenged Gevo's counterclaims in this respect***.[4]

---

[4]   Butamax's footnoted assertion that infringement allegations "substantially identical" to Gevo's were dismissed for failure to state a claim mischaracterizes the cited case.  (*See* MTD at 8 n.9, *citing In re Papst Licensing GMBH & Co. KG Litig.*, 585 F. Supp. 2d 32 (D.D.C. 2008).  The dismissed complaint in *Papst* never affirmatively stated, as Gevo's does, that the defendant performed acts constituting infringement.  (*Compare* ¶¶ 18-20 and 28-30 of Gevo's counterclaims with ¶¶ 10-12 of the complaint dismissed in *Papst*, 585 F. Supp. 2d at 33.)  Further, the court in *Papst* only rejected a proposed amended complaint containing "on information and belief" allegations because the phrasing of the allegations made in the original complaint gave rise to the presumption that the plaintiff never could point to any facts giving rise to a claim for relief.  *Id.* at 35.  In contrast, Gevo has relied on published Butamax patent applications to support in part its information and belief.  (*See supra* at p. 5.)  Any such presumption applied to Gevo's express allegations of infringement would be contrary to the requirement that those well-pleaded allegations be treated as true.  Indeed, under Butamax's twisted interpretation of *Papst*, no "information and belief" pleading could ever withstand Rule 12 scrutiny.  That is clearly not the law.  *See, e.g., Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010); *see also Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GMBH*, Civil Action No. 10-453 (FLW), 2010 WL 5239238, at *3 n.1 (D.N.J. Dec. 16, 2010).

**B.      Gevo's Well-Pleaded Allegations Are Not Negated by Butamax's Unverified Counter-Counterclaims**

The fatal flaw in Butamax's motion is its erroneous presumption that Gevo's properly pleaded allegations can be negated by counter-allegations in Butamax's counter-counterclaims. Butamax's 12(c) motion is subject to the 12(b)(6) analytical standard.  *See, e.g., Ferrell*, 2011 WL 1750452, at *1, *citing Revell*, 598 F.3d at 134.  Butamax ignores the fundamental principle of Rule 12 motions; namely, that the Court must accept all of the factual allegations in Gevo's complaint (counterclaims) as true.  *Id.*  Under this standard, for the purposes of this motion, the Court must accept *as true* the allegations in paragraphs 18 and 28 of Gevo's complaint, which state that Butamax infringes Gevo's '376 and '375 patents by making, using, offering to sell, selling, and/or importing microorganisms having the recited properties.  This is enough to satisfy Rule 12.

Moreover, Butamax's entire motion is premised on the Court accepting its bare allegations that its accused microorganisms have certain characteristics and don't have others. (MTD pp. 12, 13 & 19; CCC ¶¶ 136-40, 142, 145-46.)  Ignoring the Rule 12(b)(6) standard and paragraphs 18 and 28 of Gevo's counterclaims, Butamax treats these as "undisputed characteristics."  (MTD at 7.)  First, Gevo does dispute these characteristics, as reflected in its answer to Butamax's counter-counterclaims.  (ACC ¶¶ 136-40, 142, 145-46.)  Moreover, the alleged characteristics are irrelevant to the 12(b)(6) analysis.  While a court considering a Rule 12(c) motion may review the answer, the Court must still accept all the factual allegations in Gevo's counterclaims as true and take them in the light most favorable to Gevo, and can only grant the motion when it is clear that no material facts remain in dispute.  *See, e.g., Ferrell,* 2011 WL 1750452 at *1; *Venetec*, 541 F. Supp. 2d at 617; *see also L-7 Designs, Inc. v. Old Navy LLC*, 647 F.3d 419, 422, 429 (2nd Cir. 2011). Thus there is no distinction between the 12(b)(6) and

- 10 -

12(c) standards that is relevant to Butamax's motion.  *See, e.g., Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 2010) (any distinction is "merely semantic")  Reliance by the Court on the allegations of the Answer for issuance of a judgment on the pleadings may be appropriate, for example, when a Rule 12(c) motion is brought *by the complainant*, if the Answer contains a defendant's admissions of facts showing absence of a factual dispute.  But it would contravene the purpose of Rule 12 to accept the allegations in Butamax's responsive pleading as true when Butamax is the counterclaim defendant.  Doing so would undermine the settled requirement that all the well-pleaded allegations in the counterclaims be taken as true.  The very proposition that a counterclaim defendant could obtain dismissal of properly pleaded infringement claims by presenting bare non-infringement allegations in its responsive pleading is unprecedented.

### C.   In This Technology-Intensive Case, Claim Construction and Infringement Determinations Are Inappropriate for a Motion to Dismiss

Butamax's plea for premature claim construction and an infringement determination without discovery should be denied.  Butamax's motion presses the Court to construe two terms from the '376 patent and two terms from the '375 patent, then to find that its yeast strains do not infringe either literally or under the doctrine of equivalents.  Courts (including this one) have consistently refused to undertake such searching analyses at the motion to dismiss phase.  *See supra* at 8-9.[5]

---

[5]     Butamax has failed to identify any comparable cases where claim construction and infringement determinations were made on a motion to dismiss. The few cases cited by Butamax are totally inapposite:  *Jang*, 2011 WL 4527319, granted judgment on the pleadings when unambiguous contract, not patent, claims were at issue; *Pfizer Inc. v. Ranbaxy Labs. Ltd*, 321 F. Supp. 2d 612 (D. Del. 2004) dismissed an induced, not direct, infringement claim that was predicated solely on the legal theory that the filing of an ANDA could constitute induced infringement; *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978 (Fed. Cir. 1997), as noted by Butamax, held that claim construction and

Claim construction is not proper for a motion to dismiss, particularly in a case involving complicated technology.  Claims must be construed as they would be understood by one skilled in the art at the time of filing the patent application, in light of the intrinsic record and extrinsic evidence. *Markman v. Westview Instruments*, 52 F.3d 967, 979-81 (Fed. Cir. 1995) (*en banc*).  In particular, this Court's practice is to hear and decide claim construction in conjunction with the hearing on summary judgment, after fact and expert discovery have concluded, with a full understanding of the parties' positions on infringement and validity.   That is precisely contemplated by the Scheduling Order in this case.  Indeed, to the extent it seeks declaratory judgment, Butamax's motion flatly violates the Scheduling Order in this case, which declares that "[n]o summary judgment motion may be filed more than ten (10) days from [October 12, 2012] without leave of court."

Courts may and frequently do rely on extrinsic evidence to aid claim construction, including tutorials, expert or inventor testimony, dictionaries, learned treatises, and the like.  *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005); *see also O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008); *Bird Barrier*, 2010 WL 761241 at *3; *Yangaroo*, 2009 WL 2836643 at *3.   In this complicated multi-patent case involving genetic manipulation of an endogenous biochemical pathway in yeast through modification of specific genes peripheral to the pathway, for the purpose of obtaining material improvements in isobutanol yield, the court would certainly benefit from a tutorial, at a minimum, before evaluating claim construction arguments.   Moreover, granting Butamax's

---

infringement are pure questions of law only when the parties do not dispute any relevant facts; and *Monec Holding A.G. v. Apple, Inc.*, Civ. No. 09-00312 (E.D. Va. July, 17, 2009) is not a court opinion at all, but rather citation to a docket in which motions for both judgment on the pleadings and summary judgment were simultaneously brought, and judgment on the pleadings was denied as moot in view of the grant of summary judgment (without opinion) (later vacated subject to settlement).

motion, indeed even requiring Gevo to complete briefing on claim construction at this phase, would prejudice Gevo by depriving it of its rights to discovery and to submit its claim construction analysis in the context of full discovery of the parties' infringement and validity contentions.

Furthermore, the comparison inquiries required for determining literal infringement and infringement under the doctrine of equivalents are complex questions of fact. *See, e.g.*, *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001) (infringement comparison is a question of fact); *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.,* 70 S. Ct. 854, 857 (1950) ("[a] finding of equivalence is a determination of fact"); *Vehicular Tech. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1381 (Fed. Cir. 2000) ("[i]nfringement under the doctrine of equivalents requires an intensely factual inquiry"); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 493 F.3d 1368, 1375 (Fed. Cir. 2007) (en banc) ("by its very nature objective unforeseeability depends on underlying factual issues"). Beyond the matter of disputed facts, the Court cannot conduct a competent infringement inquiry where Butamax has failed to provide any verified information about its accused recombinant microorganisms. Butamax relies solely on its unverified counter-counterclaims as the factual basis of how its accused infringing microorganisms work. (MTD at 12-13 & 19.) Butamax's audacious attempt to induce the Court to construe claim terms and dismiss Gevo's infringement claims without proffering any competent evidence describing its accused strains should not be permitted. *See, e.g.*, *Discflo*, 2011 WL 6888542, at *2; *Fujitsu*, 782 F. Supp. 2d at 890; *DR Sys.*, 2011 WL 4850171, at *2 (refusing to perform premature infringement analysis and denying motion to dismiss).

### D.    Butamax's Motion Should Not Be Treated as a Summary Judgment Motion

Butamax has not sought, nor would it be appropriate, to treat its motion as a motion for summary judgment.  Butamax has cited exclusively to its own pleadings and attachments in its motion, and asks the Court to rely on those unverified assertions in rendering its judgment.

In any event, the unverified allegations and exhibits that Butamax relies on fall far short of meeting a movant's burden on summary judgment to demonstrate an absence of a material dispute of fact.  *See Continental Ins. Co. v. Atlantic Cas. Ins. Co.*, No. 07 Civ. 3635(DC), 2009 WL 1564144 at *1 n.1 (S.D.N.Y., 2009).  On considering a motion for summary judgment in *Continental*, the court refused to rely on any disputed allegations not supported by "evidentiary materials" and found that "allegations in an unverified complaint cannot be considered as evidence."  *Id.* (citations omitted.)  *See also*, *Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 683 (N.D.Ga. 1993) ("In order for a document to be considered in support of . . . a motion for summary judgment, it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence. (10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2722, at 58–60)"); *Presbyterian Church (U.S.A.) v. U.S.*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990) (refusing to consider for summary judgment facts relying on an unverified amended complaint); *Truck Upfit, Inc. v. Chevrolet Motor Div. Gen. Motors Corp.*, No. CIV–81–177E, 1983 WL 319 at *1 (W.D.N.Y., Feb. 22, 1983), ("unverified pleadings do not generally provide a sufficient basis to support or withstand a motion for summary judgment.") Here, Butamax seeks to dispense with Gevo's infringement claims by relying on characterizations of its accused microorganisms that are unverified and submitted without declaration or affidavit.  Accordingly, Butamax has failed to present competent evidence of the

characteristics of the microorganisms Butamax is using.  It certainly has not met its burden to establish the lack of a material dispute as to infringement.

**E.   Gevo's Counterclaims Can Only Be Considered for Summary Judgment in View of Competent Evidence**

As noted above, none of the "evidence" submitted by Butamax in support of its motion for judgment on the pleadings is admissible or competent for this Court's consideration at this time.  As Butamax has failed its initial burden to establish the absence of a material dispute of fact, Gevo has no burden to provide evidence of a dispute.  *See Adickes v. S.H. Kress & Co.*, 90 S. Ct. 1598, 1610 (1970) (finding as a matter of law that, "the party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment. No defense to an insufficient showing is required.") (internal citations omitted).  Accordingly, Gevo has not engaged in rebutting Butamax's theories of claim construction and noninfringement which all rest on the unproven, unverified assumption that Butamax's microorganisms have the characteristics recited in Butamax's bare allegations.

However, if this Court is inclined to entertain a motion for summary judgment on Gevo's counterclaims, Gevo requests that it either (i) postpone consideration of summary judgment until the time provided for summary judgment in the Scheduling Order or (ii) provide the parties a reasonable discovery period and further require Butamax to submit competent evidence in support of its claim that no material facts are in dispute relevant to Gevo's counterclaims.  Upon such a showing, Gevo will be prepared to submit competent evidence, including fact and expert testimony, showing that material disputed facts exist in connection with, for example:  a) the opinion of one skilled in the pertinent art as to the proper interpretation of disputed claim terms; b) whether Butamax's asserted use of a KIVD enzyme from a given organism source for

isobutanol production was foreseeable at the time the '375 patent application was filed; c) whether the use of the same enzyme according to Gevo's method in the '375 patent was an insubstantial change within the meaning of the doctrine of equivalents; d) whether Butamax's use of a particular method to increase DHAD activity to enhance isobutanol production literally infringes the '376 patent; and e) whether Butamax's method of increasing DHAD activity is substantially the same as the method claimed in Gevo's '376 patent, so as to infringe under the doctrine of equivalents.

## V.   CONCLUSION

For the above stated reasons, Gevo respectfully requests that this Court deny Butamax's motion for judgment on the pleadings dismissing Gevo's counterclaim counts 1 and 2.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


_/s/ Thomas C. Grimm_____
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
  *Attorneys for Plaintiff Gevo, Inc.*


OF COUNSEL:

James P. Brogan
Wayne O. Stacy
Orion Armon
Ann Marie Byers
Carolyn Juarez
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
(720) 566-4000

Michelle S. Rhyu
Jesse Dyer
Dan Knauss
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

February 6, 2012

5306086.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 6, 2012 upon the following individuals in the manner indicated:

### <u>BY E-MAIL</u>

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
**rhorwitz@potteranderson.com**
**dmoore@potteranderson.com**
*Attorneys for Butamax Advanced*
*Biofuels LLC*

Richard A. De Sevo
Leora Ben-Ami
Christopher Jagoe
Hank Heckel
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022
**rdesevo@kayescholer.com**
**lbenami@kayescholer.com**
**cjagoe@kayescholer.com**
**hheckel@kayescholer.com**
*Attorneys for Butamax Advanced*
*Biofuels LLC*

Justin M. Miller
E.I. DUPONT DE NEMOURS AND CO.
1007 Market Street
Wilmington, DE  19898
**justin.m.miller@usa.dupont.com**
*Attorneys for E.I. duPont de Nemours and Co.*

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)