IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BUTAMAX™ ADVANCED BIOFUELS LLC, | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | |
| v. | ) ) | Civ. No. 11-54-SLR |
| GEVO, INC., | ) ) ) | |
| Defendant/Counterclaim Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| E.I. DUPONT DE NEMOURS AND CO., | ) ) ) | |
| Counterclaim Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 21st day of June, 2012, having reviewed various outstanding motions and the papers submitted in connection therewith;

IT IS ORDERED that:

1. **Plaintiff's motion for judgment on the pleadings** (D.I. 151) is denied. In this motion, plaintiff Butamax™ Advanced Biofuels LLC ("Butamax") contends that judgment of noninfringement should be entered in its favor in connection with defendant Gevo, Inc.'s ("Gevo") first and second counterclaims. Gevo's counterclaims contain allegations that Butamax and counterclaim defendant E.I. DuPont de Nemours and Co. ("DuPont") infringe two Gevo patents, U.S. Patent Nos. 8,017,375 ("the '375 patent") and 8,017,376 ("the '376 patent"). Both patents are directed to recombinant yeast

microorganisms that produce isobutanol.  Butamax asks the court to embrace its characterization of the patents,[1] as well as its characterization of the accused yeast strains as noninfringing.  (*Id.* at 12-13, 19)

2. "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference."  *Venetec Int'l, Inc. v. Nexus Med., LLC,* 541 F. Supp. 2d 612, 617 (D. Del. 2008).  Judgment on the pleadings is appropriate to dispose of claims when the pleadings show that the parties' only disputes concern questions of law to be resolved by the court.  *Jang v. Boston Scientific Scimed, Inc.*, Civ. No. 10-681-SLR, 2011 WL 4527319, at *3 (D. Del. Sept. 30, 2011).  A motion for judgment on the pleadings is governed by the same standards that apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), that is, the court must accept as true the factual allegations in Gevo's counterclaims and review them in the light most favorable to Gevo.  *See Ferrell v. Cmty. Mgmt. Servs., LLC*, Civ. No. 10-205-SLR, 2011 WL 1750452, at *1 (D. Del. May 6, 2011) (*citing Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)).

3. Given the complex technology at issue and the standard of review, the court finds these counterclaims particularly ill suited for disposition on a motion for judgment

---

[1]To wit, Butamax argues that "[t]he only reasonable interpretation of the claim language [of limitation "(d)" of claim 1 of the '375 patent is] that a KIVD enzyme from *L. lactis* is an enzyme that has the amino acid sequence deduced from SEQ ID NO:8 set forth in the specification." (D.I. 152 at 11)  Similarly, Butamax asserts that "[t]he only reasonable interpretation of claim 1 [of the '376 patent] requires that the claimed yeast are engineered to express an elevated level of mRNA encoding the Aft proteins and Aft homologs that are disclosed in the '376 specification and claims, or an elevated level of those proteins." (*Id.* at 18)

on the pleadings.  The court declines to tackle the issues of claim construction and

infringement without the benefit of any introductions to the technology or to the accused

"product" but for Butamax's assertions regarding same.  If, however, there are a limited

number of critical claim limitations, the court would entertain a course of focused

discovery in order to encourage an expedited resolution of the counterclaims.

4. **Plaintiff's motion to sever defendant's counterclaims** (D.I. 213) is granted

to the extent that the counterclaims will be tried separately.  The court will discuss with

the parties whether the scheduling order needs to be revisited as a result of the

decisions issued herein.

5. **Plaintiff's motion to stay discovery pending resolution of the 12(c)**

**motion** (D.I. 213) is denied as moot.

6. **Plaintiff's motion to amend the pleadings** (D.I. 268) to add allegations of

inequitable conduct is granted.  Rule 15(a) of the Federal Rules of Civil Procedure

provides that the court "should freely give leave [to amend the pleadings] when justice

so requires."  The factors to consider in weighing a motion for leave to amend are well-

settled:  (1) whether the amendment has been unduly delayed; (2) whether the

amendment would unfairly prejudice the non-moving party; (3) whether the amendment

is brought for some improper purpose; and (4) whether the amendment is futile.  *See*

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  According to the Federal Circuit, a "trial

court should grant leave to file absent a substantial reason for denial. . . ." *Pressure*

*Products Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1319 (Fed. Cir. 2010).

7. The instant motion to amend was filed timely and, therefore, there can be no

unfair prejudice to defendant.[2]  Although Gevo argues that the proposed amendments

are part of Butamax's "effort to delay the adjudication of Gevo's counterclaims" (D.I.

296 at 14), quite frankly, the court does not intend to allow any such delay and,

therefore, discounts this argument.  The real questions before the court are whether

Butamax has pled inequitable conduct with sufficient particularity and whether its

allegations of inequitable conduct are futile.

8.  The substance of Butamax's inequitable conduct contentions as they relate to

Gevo's '375 patent is that:  (a) Gevo argued to the PTO during the prosecution of the

patent that it achieved unexpected results in using the claimed invention to produce

isobutanol; (b) Gevo knew of prior art that contradicted its contention; (c) Gevo knew

that the only basis for patentability of the '375 patent over the prior art was its alleged

unexpected results; (d) therefore, "the only reasonable inference is that [Gevo]

deliberately withheld this material information from the PTO." (D.I. 269 at 6)

9.  With respect to Gevo's '376 patent, Butamax contends that "those involved in

the prosecution:  (a) were aware of invalidating prior art and of the Examiner's

misapprehension of the scope and content of the prior art; (b) knew that this

misapprehension was the only reason that the Examiner allowed the '376 patent over

the invalidating prior art, making the omitted information material to patentability; and (c)

the only reasonable inference is that they deliberately withheld this information. . . ." (*Id.*

---

[2]Gevo argues otherwise, based on a decision issued in *Asahi Glass Co., Ltd. v. Guardian Indus. Corp.,* Civ. No. 09-515-SLR, 276 F.R.D. 417, 420 (D. Del. August 8, 2011).  (D.I. 296 at 12)  The court notes in this regard that the motion to amend in *Asahi* was filed six months after the deadline to amend and after the close of fact discovery. Needless to say, the court finds this authority less than compelling.

at 7)

10. "To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). In a case involving nondisclosure of information, the accused infringer must prove by clear and convincing evidence that the applicant knew of the information, "knew that it was material, and made a deliberate decision to withhold it." *Id.* "'[A]s a general matter, the materiality required to establish inequitable conduct is but-for materiality." *Id.* at 1291. With respect to intent, "[b]ecause direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence . . . However, to meet the clear and convincing evidence standard, the specific intent to deceive must be 'the single most reasonable inference ablt to be drawn from the evidence.'" *Id.* (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)).

11. Of course, the standard for proving inequitable conduct is a more rigorous one than the standard for pleading inequitable conduct; apparently, even the Federal Circuit has been tempted to confuse the same. *See, e.g., Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d at 1320 ("[T]his court has issued significant opinions requiring specific and demanding showings of evidence before a party may **assert** the defense of inequitable conduct," citing *Star Scientific*, a case where the district court's final judgment of inequitable conduct was under review) (emphasis added). Accordingly, the proper standard of review is that articulated in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), to wit, that "Rule 9(b) requires

the identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1327.

12. The court concludes that the proposed amendment satisfied the above pleading standard by identifying the "who" (D.I. 268, ex. A at ¶¶ 90, 94, 96, 107, 116, 119 n.5), the "what" (*id.* at ¶¶ 94-98, 107, 119, 124-128), the "when" (*id.* at ¶¶ 94, 95, 97, 107, 118, 119), the "where" (*id.* at ¶¶ 94, 97, 98, 119), and the "how" (*id.* at ¶¶ 94, 96, 98, 107, 114, 119, 122, 127, 128) of the alleged material misrepresentations committed before the PTO. The fact that Gevo disagrees with the factual representations made by Butamax[3] is irrelevant, as the court is not required to judge the merits of the parties' respective positions at this stage of the proceedings. *See supra* at 2 regarding standards of review.

_____

United States District Judge

---

[3]Gevo argues, for instance, that it "disclosed all relevant information relating to its unexpected results." (D.I. 296 at 4)