

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

November 20, 2012

**VIA ELECTRONIC-FILING**

The Honorable Sue L. Robinson
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3568

    Re:    *Butamax(TM) Advanced Biofuels LLC v. Gevo, Inc.*
              **C.A. No. 11-54-SLR**

Dear Judge Robinson:

    For Your Honor's review in connection with the upcoming Markman hearing in January, enclosed is the Federal Circuit's opinion on the appeal of the denial of the preliminary injunction motion. Counsel are available at the Court's convenience if Your Honor has any questions.

                                    Respectfully,

                                    */s/ Richard L. Horwitz*

                                    Richard L. Horwitz

RLH/msb
1083751/36429

Enclosure
cc:    Clerk of the Court (via hand delivery)(w/enc.)
        Counsel of Record (via electronic mail)(w/enc.)

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF
## JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 11/16/2012

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Each side shall bear its own costs.

Regarding exhibits and visual aids: Your attention is directed Fed. R. App. P. 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

Leora Ben-Ami
James P. Brogan
Benjamin G. Damstedt
Gerald J. Flattmann Jr.
Daniel Forchheimer
Christopher T. Jagoe
Stephen Blake Kinnaird
Benjamin Adam Lasky
Lori R. Mason
Anthony Michael
Joseph M. O'Malley Jr.
Preston K Ratliff II
Michelle S. Rhyu
12-1490 - Butamax(TM) Advanced Biofuels v. Gevo, Inc.
United States District Court for the District of Delaware (Wilmington), Case No. 11-CV-0054

# United States Court of Appeals for the Federal Circuit

2012-1490

BUTAMAX(TM) ADVANCED BIOFUELS LLC,

        Plaintiff/Counterclaim Defendant-Appellant,

and

E.I. DUPONT DE NEMOURS AND CO.,

        Counterclaim Defendant,

v.

GEVO, INC.,

        Defendant/Counterclaimant-Appellee.

## Judgment

ON APPEAL from the     United States District Court for the District of Delaware

in CASE NO(S).     11-CV-0054

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED AND REMANDED**

ENTERED BY ORDER OF THE COURT

DATED  NOV 1 6 2012

/s/ Jan Horbaly

Jan Horbaly, Clerk

NOTE: This disposition is non-precedential.

# United States Court of Appeals for the Federal Circuit

---

**BUTAMAX(TM) ADVANCED BIOFUELS LLC,**
*Plaintiff/Counterclaim Defendant-*

*Appellant,*

AND

**E.I. DUPONT DE NEMOURS AND CO.,**
*Counterclaim Defendant,*

v.

**GEVO, INC.,**
*Defendant/Counterclaimant-*

*Appellee.*

---

2012-1490

---

Appeal from the United States District Court for the District of Delaware in Case No. 11-CV-0054, Judge Sue L. Robinson.

---

Decided: November 16, 2012

---

LEORA BEN-AMI, Kirkland & Ellis LLP, of New York, New York, argued for plaintiff/counterclaim defendant-

appellant. With her on the brief were CHRISTOPHER T. JAGOE and BENJAMIN A. LASKY. Of counsel was DANIEL FORCHHEIMER.

GERALD J. FLATTMANN, JR., Paul Hastings LLP, of New York, New York, argued for defendant/counterclaimant-cross appellant. With him on the brief were PRESTON K. RATLIFF II, JOSEPH M. O'MALLEY, JR., and ANTHONY MICHAEL, of New York, New York, and STEPHEN B. KINNAIRD, of Washington, DC. Of counsel were BENJAMIN G. DAMSTEDT, LORI R. MASON, and MICHELLE S. RHYU, Cooley LLP, of Palo Alto, California, and JAMES P. BROGAN, of Broomfield, Colorado.

─────────────

Before RADER, *Chief Judge*, DYK and WALLACH, *Circuit Judges*.

RADER, *Chief Judge*.

This appeal comes before the court following the denial of a preliminary injunction in a patent infringement case. This court reviews such decisions for abuse of discretion. *See Abbott Labs., Inc. v. Sandoz, Inc.*, 566 F.3d 1282, 1298–99 (Fed. Cir. 2009). Based on the record and this standard of review, this court affirms the denial of the preliminary injunction. Gevo, Inc. raised a substantial question of validity concerning the asserted patent, a question which Butamax has failed to show "lacks substantial merit." *See Amazon.com Inc. v. Barnsandnoble.com, Inc.*, 239 F.3d 1343, 1350–51 (Fed. Cir. 2003).

However, this court's affirmance should not be read to endorse the trial court's very questionable construction of the claim term "acetohydroxy acid isomeroreductase" – that is "as an enzyme that is solely NADPH dependent."

The trial court should reconsider its construction when it holds a *Markman* hearing. Costs of this appeal shall be borne by the respective parties.

**AFFIRMED AND REMANDED**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

*Questions and Answers*

**Petitions for Rehearing (Fed. Cir. R. 40)
and
Petitions for Hearing or Rehearing En Banc (Fed. Cir. R. 35)**

---

*Q. When is a petition for rehearing appropriate?*

A. Petitions for rehearing are rarely considered meritorious. Consequently, it is easiest to first answer when a petition for rehearing is not appropriate. A petition for rehearing should not be used to reargue issues already briefed and orally argued. If a party failed to persuade the court on an issue in the first instance, they do not get a second chance. This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36, as a disposition of this nature is used only when the appellant has utterly failed to raise any issues in the appeal that require an opinion to be written in support of the court's judgment of affirmance.

Thus, as a usual prerequisite, the court must have filed an opinion in support of its judgment for a petition for rehearing to be appropriate. Counsel seeking rehearing must be able to identify in the court's opinion a material error of fact or law, the correction of which would require a different judgment on appeal.

*Q. When is a petition for hearing or rehearing en banc appropriate?*

A. En banc decisions are extraordinary occurrences. To properly answer the question, one must first understand the responsibility of a three-judge merits panel of the court. The panel is charged with deciding individual appeals according to the law of the circuit as established in the court's precedential opinions. While each merits panel is empowered to enter precedential opinions, the ultimate duty of the court en banc is to set forth the law of the Federal Circuit, which merit panels are obliged to follow.

Thus, as a usual prerequisite, a merits panel of the court must have entered a precedential opinion in support of its judgment for a suggestion for rehearing en banc to be appropriate. In addition, the party seeking rehearing en banc must show that either the merits panel has failed to follow identifiable decisions of the U.S. Supreme Court or Federal Circuit precedential opinions or that the merits panel has followed circuit precedent, which the party seeks to have overruled by the court en banc.

*Q. How frequently are petitions for rehearing granted by merits panels or petitions for rehearing en banc accepted by the court?*

A. The data regarding petitions for rehearing since 1982 shows that merits panels granted some relief in only three percent of the more than 1900 petitions filed. The relief granted usually involved only minor corrections of factual misstatements, rarely resulting in a change of outcome in the decision.

En banc petitions were accepted less frequently, in only 16 of more than 1100 requests. Historically, the court itself initiated en banc review in more than half (21 of 37) of the very few appeals decided en banc since 1982. This sua sponte, en banc review is a by-product of the court's practice of circulating every precedential panel decision to all the judges of the Federal Circuit before it is published. No count is kept of sua sponte, en banc polls that fail to carry enough judges, but one of the reasons that virtually all of the more than 1100 petitions made by the parties since 1982 have been declined is that the court itself has already implicitly approved the precedential opinions before they are filed by the merits panel.

*Q. Is it necessary to have filed either of these petitions before filing a petition for certiorari in the U.S. Supreme Court?*

A. No. All that is needed is a final judgment of the Court of Appeals. As a matter of interest, very few petitions for certiorari from Federal Circuit decisions are granted. Since 1982, the U.S. Supreme Court has granted certiorari in only 31 appeals heard in the Federal Circuit. Almost 1000 petitions for certiorari have been filed in that period.

July 21, 2008

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## INFORMATION SHEET

## FILING A PETITION FOR A WRIT OF CERTIORARI

There is no automatic right of appeal to the Supreme Court of the United States from judgments of the Federal Circuit. You must file a petition for a writ of certiorari which the Supreme Court will grant only when there are compelling reasons. (See Rule 10 of the Rules of the Supreme Court of the United States, hereinafter called Rules.)

**Time.** The petition must be filed in the Supreme Court of the United States within 90 days of the entry of judgment in this Court or within 90 days of the denial of a timely petition for rehearing. The judgment is entered on the day the Federal Circuit issues a final decision in your case. [The time does not run from the issuance of the mandate, which has no effect on the right to petition.] (See Rule 13 of the Rules.)

**Fees.** Either the $300 docketing fee or a motion for leave to proceed in forma pauperis with an affidavit in support thereof must accompany the petition. (See Rules 38 and 39.)

**Authorized Filer.** The petition must be filed by a member of the bar of the Supreme Court of the United States or by the petitioner representing himself or herself.

**Format of a Petition.** The Rules are very specific about the order of the required information and should be consulted before you start drafting your petition. (See Rule 14.) Rules 33 and 34 should be consulted regarding type size and font, paper size, paper weight, margins, page limits, cover, etc.

**Number of Copies.** Forty copies of a petition must be filed unless the petitioner is proceeding in forma pauperis, in which case an original and ten copies of the petition for writ of certiorari and of the motion for leave to proceed in forma pauperis. (See Rule 12.)

**Where to File.** You must file your documents at the Supreme Court.

**Clerk**
**Supreme Court of the United States**
**1 First Street, NE**
**Washington, DC 20543**
**(202) 479-3000**

No documents are filed at the Federal Circuit and the Federal Circuit provides no information to the Supreme Court unless the Supreme Court asks for the information.

**Access to the Rules.** The current rules can be found in Title 28 of the United States Code Annotated and other legal publications available in many public libraries.

Revised December 16, 1999