IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BUTAMAX<sup>TM</sup> ADVANCED BIOFUELS LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 11-54 (SLR) |
| GEVO, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) | |
| | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**DEFENDANT GEVO, INC.'S BRIEF IN SUPPORT OF MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DISPOSITION OF GEVO'S PETITION FOR A WRIT OF CERTIORARI AND ANY FOLLOW-ON PROCEEDINGS**

<div style="float:left">

OF COUNSEL:

Stephen C. Neal
Michelle S. Rhyu
Daniel Knauss
Adam Trigg
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
(650) 843-5000

James P. Brogan
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
(720) 566-4000

April 25, 2014

</div>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
skraftschik@mnat.com
*Attorneys for Gevo, Inc.*

TABLE OF CONTENTS

<div align="right">PAGE</div>

I.      INTRODUCTION ...........................................................................................1

II.     NATURE AND STAGE OF PROCEEDINGS...................................................4

    A.      Procedural posture. ................................................................................4

    B.      Claim construction was central to this Court's grant of summary
          judgment in Gevo's favor. ......................................................................5

    C.      The Federal Circuit discarded the factual findings underlying the
          Court's claim construction, applying a *de novo* standard of review. .........6

    D.      The Supreme Court in *Teva* will address the proper standard of
          review for factual findings underlying a district court's claim
          construction. ...........................................................................................7

    E.      Gevo has also asked the Supreme Court to repudiate the Federal
          Circuit's practice of finding facts *de novo* in reviewing claim
          constructions on appeal............................................................................8

III.    LEGAL STANDARD.........................................................................................8

IV.     ARGUMENT......................................................................................................9

    A.      A stay will simplify the issues by potentially obviating the need for
          trial..........................................................................................................9

    B.      The balance of harms strongly favors a stay..........................................11

    C.      The requested stay will be brief. ...........................................................13

    D.      The balance of relevant factors supports a stay. ....................................13

V.      CONCLUSION................................................................................................15

TABLE OF AUTHORITIES

PAGE(S)

## CASES

*Alaska Elec. Pension Fund v. Pharmacia Corp.*,
   No. 03-1519 (AET), 2009 U.S. Dist. LEXIS 52919 (D.N.J. June 23, 2009) ...................... 3, 14

*Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. of Am. v. Wis. Emp't Relations Bd.*,
   340 U.S. 383 (1951) ................................................................................................................ 9

*AsIs Internet Servs. v. Active Response Grp.*,
   No. C07 6211 TEH, 2008 U.S. Dist. LEXIS 117075 (N.D. Cal. Sept. 16, 2008) ................. 13

*Bascom Research LLC v. Facebook, Inc.*,
   Nos. C 12-6293, C 12-6294 SI, 2014 U.S. Dist. LEXIS 4000 (N.D. Cal. Jan. 13, 2014) ....... 14

*Bausch & Lomb, Inc. v. Alcon Lab., Inc.*,
   914 F. Supp. 951 (W.D.N.Y. 1996) ...................................................................................... 12

*Butamax™ Advanced Biofuels LLC v. Gevo, Inc.*,
   No. 2013-1342, 2014 WL 593486 (Fed. Cir. Feb. 18, 2014) ......................................... 4, 6, 7

*Cheyney State Coll. Faculty v. Hufstedler*,
   703 F.2d 732 (3d Cir. 1983) .................................................................................................. 8

*CyberSource Corp. v. Retail Decisions, Inc.*,
   654 F.3d 1366 (Fed. Cir. 2011) ............................................................................................ 13

*Cybor Corp. v. Fas Techs.*,
   138 F.3d 1448 (Fed. Cir. 1998) ........................................................................................ 2, 11

*Dep't of Treasury, IRS v. Fed. Labor Relations Auth.*,
   862 F.2d 880 (D.C. Cir. 1989) ............................................................................................... 9

*Enhanced Sec. Research, LLC v. Cisco Sys.*,
   No. 09-571-JJF, 2010 U.S. Dist. LEXIS 63789 (D. Del. June 25, 2010) ............................... 8

*Evans v. Buchanan*,
   435 F. Supp. 832 (D. Del. 1977) .................................................................................... 3, 8, 13

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983) ............................................................................................. 9

*Headen v. Mentor Corp.*,
   No. 96-1459, 1997 U.S. Dist. LEXIS 451 (E.D. Pa. Jan. 17, 1997) ..................................... 15

*Hollingsworth v. Perry*,
   558 U.S. 183 (2010) ............................................................................................................... 9

TABLE OF AUTHORITIES
(CONTINUED)

PAGE(S)

*Homa v. American Express Co.*,
No. 06-2986 (JAP), 2010 U.S. Dist. LEXIS 110518 (D.N.J. Oct. 18, 2010) ......................... 15

*In re Intertape Polymer Corp.*,
121 F. App'x 386 (Fed. Cir. 2004) ..................................................................................... 9

*In re Itron, Inc.*,
31 F. App'x 664 (Fed. Cir. 2002) ..................................................................................... 13

*Jock v. Sterling Jewelers, Inc.*,
738 F. Supp. 2d 445 (S.D.N.Y. 2010) .............................................................................. 12

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ........................................................................................................ 8

*Lawrence v. Chater*,
516 U.S. 163 (1996) ....................................................................................................... 10

*Lighting Ballast Control LLC v. Philips Elec. N. Am. Corp.*,
744 F.3d 1272 (Fed. Cir. 2014) ................................................................................. 2, 10

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) ...................................................................................... 10

*Pod-Ners, LLC v. Tutuli Produce Corp.*,
No. CV 99-10172 CBM(Mcx), 2001 U.S. Dist. LEXIS 25945 (C.D. Cal. Aug. 17, 2001) .... 14

*Pullman-Standard v. Swint*,
456 U.S. 273 (1982) ....................................................................................................... 10

*SmithKline Beecham Corp. v. Apotex Corp.*,
Nos. 99-cv-4304 ............................................................................................................ 11

*Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*,
No. 13-854, 2014 U.S. LEXIS 2312 (S. Ct. Mar. 31, 2014) ................................... *passim*

*Versata Software, Inc. v. Dorado Software, Inc.*,
No. 2:13-cv-00920, 2014 U.S. Dist. LEXIS 42509 (E.D. Cal. Mar. 27, 2014) .......... 11, 14

**RULE**

Federal Rule of Civil Procedure 52(a) ....................................................................... 1, 2, 10, 11

## I.      INTRODUCTION

Defendant Gevo, Inc. ("Gevo") respectfully requests that the Court stay Civil Action 11-054, the infringement action brought by Plaintiff Butamax Advanced Biofuels LLC ("Butamax") related to U.S. Patent No. 7,851,188 ("the '188 patent") and Patent No. 7,993,889 ("the '889 patent"), pending the disposition of Gevo's petition for a writ of certiorari to the United States Supreme Court, which asks the Supreme Court to reverse the Federal Circuit's longstanding practice of paying no deference to district courts' factual findings underlying their claim constructions.[1]  Applying a *de novo* standard of review on appeal in this case, the Federal Circuit made its own factual findings, set aside the Court's considered claim construction, and reversed the Court's grant of summary judgment of no infringement by equivalents in Gevo's favor.  If Gevo's petition is granted, Gevo will ask the Supreme Court to reverse the Federal Circuit decision and hold that the factual underpinnings of a district court's claim construction may be reviewed only for clear error, as required under Federal Rule of Civil Procedure 52(a)(6). Under this standard, this Court's rulings on claim construction and summary judgment would be restored, and no further proceedings in this case would be required.

Gevo submits that the Supreme Court is very likely to grant its petition.  Indeed, for its next term, the Supreme Court has already granted certiorari in *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, No. 13-854, *cert granted*, 2014 U.S. LEXIS 2312 (S. Ct. Mar. 31, 2014) (hereinafter, "*Teva*"), to address the precise question raised by Gevo's petition: "Whether a district court's factual findings in support of its construction of a patent claim term may be reviewed *de novo*, as the Federal Circuit requires . . . , or only for clear error, as Rule 52(a)

---

[1]    Attached hereto as Exhibit A is a true and correct copy of Gevo's petition for a writ of certiorari to the United States Supreme Court.

requires." (Ex. B (*Teva* Cert. Pet., 2014 U.S. S. Ct. Briefs LEXIS 149) at i.) Gevo's petition requests that the Supreme Court hear this case alongside *Teva* or, at a minimum, that Gevo's petition be held pending the outcome of *Teva*. Either way, Gevo expects that its petition will be granted.

Moreover, there is at least a reasonable likelihood that the Supreme Court will change the Federal Circuit's standard of review on claim construction. As explained in Gevo's petition, Rule 52(a)(6) requires findings of fact to be reviewed only for clear error, and for this reason, the Federal Circuit's current *de novo* standard of review for claim construction has received broad criticism during *en banc* review. Federal Circuit Judges Rader, Mayer, Newman, O'Malley, Reyna, and Wallach have all, at one point or another, expressed concern with *de novo* review of factual determinations made during claim construction. *See, e.g.*, *Lighting Ballast Control LLC v. Philips Elec. N. Am. Corp.*, 744 F.3d 1272, 1296 (Fed. Cir. 2014) (Rader, J., O'Malley, J., Reyna, J., and Wallach, J., dissenting); *Cybor Corp. v. Fas Techs.*, 138 F.3d 1448, 1480 (Fed. Cir. 1998) (Newman, J., additional views) ("By continuing the fiction that there are no facts to be found in claim interpretation, we confound rather than ease the litigation process. Without doubt, factual disputes arise and must be resolved in order to interpret the claims."). In this context, Gevo believes that the Supreme Court likely granted the *Teva* petition to change the way claim construction is reviewed in the Federal Circuit, and to require that deference be paid to the factual components of district courts' claim constructions.

Given this reasonably likely result in this unusual circumstance, a stay will conserve substantial party and judicial resources. Indeed, through a clear-error lens, it is very likely that this Court's claim construction and summary judgment rulings will stand, obviating the need for trial or any further proceedings in this matter. On the other hand, absent a stay, the parties and

the Court will be forced to prepare for and try a case in the next several months based on the Federal Circuit's likely erroneous view of the metes and bounds of Butamax's patent claims. Gevo submits that the parties, the Court, and the jury would needlessly waste tremendous amounts of time and money if this case were tried to a verdict, only to have the Federal Circuit's claim construction and reversal—as well as the follow on proceedings and verdict in this Court—unwound by the proceedings in the Supreme Court.  As explained in the *Teva* petition, "*de novo* treatment of factual findings aggravates the already-high cost of patent litigation," and "the unnecessary relitigation that the Federal Circuit's rule requires potentially costs billions." (Ex. B (*Teva* Cert. Pet.) at \*21-22.)  Proceeding with trial, while the *de novo* standard itself is under review, would only exacerbate the standard's tremendous and unjustifiable costs.  In contrast to Butamax, these are costs that Gevo, with its limited resources, cannot afford to bear.

In similar circumstances, district courts have many times issued stays pending Supreme Court proceedings that could substantially impact or avoid further litigation in the district court. *See, e.g.*, *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-1519 (AET), 2009 U.S. Dist. LEXIS 52919 (D.N.J. June 23, 2009) (staying case pending defendant's petition for certiorari where "the United States Supreme Court granted a writ of certiorari in a case presenting similar questions of law and fact"); *Evans v. Buchanan*, 435 F. Supp. 832, 849 (D. Del. 1977) ("The stay granted herein shall remain in effect until the Supreme Court has acted on the defendants' petition . . . .  Of course, if the Supreme Court grants the petition for writ of certiorari, the stay granted herein would continue in effect.").  For these reasons, and those discussed in greater detail below, Gevo submits that a stay is more than warranted in the circumstances here.

## II.    NATURE AND STAGE OF PROCEEDINGS

### A.    Procedural posture.

On January 14, 2011, Butamax filed the 11-054 suit alleging infringement of the '188 patent. (D.I 1.) Butamax amended its complaint on August 11, 2011 to add the '889 patent, which shares the same specification as the '188 patent. (D.I. 41.) In September 2011, Gevo asserted counterclaims. (D.I. 52.)

On September 22, 2011, Butamax filed a motion for preliminary injunction alleging infringement of claims 1, 13, and 14 of the '889 patent. This Court found that Butamax was unlikely to prevail at trial. (D.I. 369-370.) On November 16, 2012, the Federal Circuit affirmed that decision, upholding the denial of the preliminary injunction and agreeing that Gevo had raised substantial questions of invalidity of the '889 patent. (D.I. 590.)

In November 2012, the parties filed cross-motions for summary judgment. Butamax sought a judgment of infringement of the patents-in-suit and no invalidity of the '889 patent. Gevo sought judgment of invalidity and non-infringement as to both patents. As relevant here, the Court granted Gevo's motion for summary judgment of non-infringement of the '188 and '889 patents and denied Butamax's motion for summary judgment of infringement of the same patents. (D.I. 708.) The Court also granted Gevo's motion for summary judgment of invalidity as to both the '188 and '889 for lack of written description. (D.I. 708.) On appeal, a panel of the Federal Circuit construed the patent claims *de novo*, overriding this Court's claim construction, and reversed this Court's rulings on the infringement-related summary judgment motions in Gevo's favor. *See Butamax™ Advanced Biofuels LLC v. Gevo, Inc.*, No. 2013-1342, 2014 WL 593486 (Fed. Cir. Feb. 18, 2014).

**B.   Claim construction was central to this Court's grant of summary judgment in Gevo's favor.**

The patents-in-suit cover recombinant microorganisms that use a particular biosynthetic pathway to produce isobutanol, which is useful as a fuel or fuel additive. The claimed biosynthetic pathway of the patents-in-suit comprises essentially five steps, each involving conversion of a substrate into a new product, with each conversion catalyzed by a particular enzyme. At summary judgment, the key reaction was the second step, which converts acetolactate to 2,3- dihydroxy-isovalerate. Claim 1 of both of the patents-in-suit claim "acetohydroxy acid isomeroreductase" as the enzyme that catalyzes this step.

The key claim construction issue in the Court's summary judgment ruling was the meaning of "acetohydroxy acid isomeroreductase" ("AAIR"). In ruling on this issue, the Court had before it a fulsome evidentiary record, based on the more than 1.6 million pages of documents produced between the parties, 50 depositions taken, and 50 expert reports submitted in the case. The Court carefully analyzed the intrinsic and extrinsic evidence—including the definition of AAIR in the patent itself, documentary and expert testimony on the meaning and scope of the AAIR term and its express definition, the entry for the EC number cited by the patent, EC 1.1.1.86, all the references cited in that entry, and the databases linked in the EC entry, including the BRENDA database. After consideration of this evidence, the Court found as a factual matter that, under the "state of the art," the "KARI enzyme known by the EC number 1.1.1.86 was generally understood to be NADPH dependent." The Court also found as a fact that "a person of ordinary skill in the art would understand 'acetohydroxy acid isomeroreductase' to be an enzyme known by the EC number 1.1.1.86 that catalyzes the conversion of acetolactate to 2,3-dihydroxyisovalerate and is NADPH-dependent."

5

With this construction, the Court ruled on the infringement-related summary judgment motions.  The Court held that, as a matter of fact and law, the use of NADPH and NADH are not equivalent, thus precluding Butamax's claim that Gevo infringed under the doctrine of equivalents.  At the pretrial conference one day later, Butamax conceded that it could not prove literal infringement under the Court's claim construction, and the parties subsequently entered a stipulation to that effect.  The Court severed Gevo's counter-claims into a separate case and issued an amended final judgment.  Butamax appealed.

### C. The Federal Circuit discarded the factual findings underlying the Court's claim construction, applying a *de novo* standard of review.

On appeal, a panel of the Federal Circuit reversed, applying a "*de novo*" standard to review the Court's claim construction.  *Butamax™ Advanced Biofuels LLC*, 2014 WL 593486, at *4.  In a decision issued on February 18, 2014, the panel explicitly rejected the Court's express finding that, based on all evidence in the case, a person of ordinary skill in the art would have understood that the AAIR enzyme was NADPH-dependent.  Addressing that question *de novo*, the panel independently analyzed the parties' evidence—including the plain meaning of AAIR, the patentees' definition of AAIR, prosecution history, and extrinsic evidence—and adopted Butamax's position that "using NADPH" did not mean "only use NADPH" or "NADPH-dependent."  *Id.* at *7.  The panel ignored the Court's reasons for crediting the testimony of Gevo's experts over that of Butamax's experts.

Based on its *de novo* review of the record, the Federal Circuit panel construed the disputed AAIR term to mean "an enzyme, whether naturally occurring or otherwise, known by the EC number 1.1.1.86 that catalyzes the conversion of [AL] to [DHIV]."  *Id.* at 11.  Using that construction, the panel vacated the Court's denial of Butamax's motion for summary judgment of infringement and vacated the Court's grant of Gevo's motion for summary judgment of no

infringement by equivalents. *Id.* at \*11, \*14. The panel directed the Court to consider the parties' cross-motions "under this court's new claim construction." *Id.* at \*11.

> **D.** **The Supreme Court in *Teva* will address the proper standard of review for factual findings underlying a district court's claim construction.**

Some six weeks later, on March 31, 2014, the United States Supreme Court granted a petition for a writ of certiorari in *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, No. 13-854. In *Teva*, the Federal Circuit reversed the district court based upon a *de novo* consideration of claim construction, as in this case, concluding that the term "molecular weight" was indefinite and ignoring the district court's factual determination, based on intrinsic and expert evidence, that the term had a specific meaning. In granting certiorari, the Supreme Court agreed to resolve the following issue:

> Rule 52(a) of the Federal Rules of Civil Procedure provides that in matters tried to district court, the court's "[f]indings of fact . . . must not be set aside unless clearly erroneous."

> The question presented is as follows:

>> Whether a district court's factual finding in support of its construction of a patent claim term may be reviewed *de novo*, as the Federal Circuit requires (and as the panel explicitly did in this case), or only for clear error, as Rule 52(a) requires.

(Ex. B (*Teva* Cert. Pet.) at i.) Gevo anticipates that the Supreme Court will hear the *Teva* case during its term beginning in October 2014,[2] and that it may be heard as early as October 2014.

---

[2] *See* http://www.supremecourt.gov/orders/grantednotedlist.aspx?Filename=14grantednotedlist.html (reflecting *Teva*'s placement on Supreme Court's 2014-2015 argument calendar).

**E.      Gevo has also asked the Supreme Court to repudiate the Federal Circuit's practice of finding facts *de novo* in reviewing claim constructions on appeal.**

On April 22, 2014, Gevo filed a petition for a writ of certiorari to the Supreme Court, requesting review of the same question that the Supreme Court agreed to consider in *Teva*. (Ex. A (*Gevo* Cert. Pet.) at i.)  Gevo's petition requests that the Supreme Court consider this case alongside *Teva* and reverse the judgment of the Federal Circuit.  (*Id.* at 3.) In the alternative, Gevo requests that the Supreme Court hold its petition pending a decision in *Teva*, and that it grant the petition, vacate, and remand in the event the Supreme Court alters the standard of appellate review for claim construction.  (*Id.* at 3, 26.)

## III.    LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citation omitted).  In weighing these interests, the Court should consider: (1) whether a stay will simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the requested stay.  *See Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983) (citing *Landis*, 299 U.S. at 254-55); *accord, e.g., Enhanced Sec. Research, LLC v. Cisco Sys.*, No. 09-571-JJF, 2010 U.S. Dist. LEXIS 63789, at *10 (D. Del. June 25, 2010); *Evans v. Buchanan*, 435 F. Supp. at 841 (requirements for stay pending petition for writ of certiorari are: (1) irreparable harm, (2) likelihood of success on the merits, (3) absence of harm to nonmovant, and (4) absence of harm to public interest).[3]

---

[3]    To obtain a Supreme Court stay of an appellate court's mandate pending the filing and disposition of a petition for a writ of certiorari, "an applicant must show (1) a reasonable

A district court's broad discretion to stay a case in the management of its docket generally will not be disturbed. *See Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341 (Fed. Cir. 1983); *In re Intertape Polymer Corp.*, 121 F. App'x 386, 386-87 (Fed. Cir. 2004) (denying mandamus review of district court's stay pending outcome of Federal Circuit decision).

## IV.   ARGUMENT

Gevo respectfully requests a stay of further proceedings in the case pending the Supreme Court's disposition of Gevo's petition and any subsequent proceedings. A brief stay stands to eliminate the need for trial, thereby avoiding a tremendous waste of resources, and is in the strong interest of the parties, the Court, and the public.

### A.   A stay will simplify the issues by potentially obviating the need for trial.

Gevo submits that a brief stay will, in all likelihood, eliminate the need for further proceedings in the case given the likely outcome of the proceedings in the Supreme Court. Gevo believes that the Supreme Court is highly likely to grant its writ petition and hear this case alongside *Teva*. As noted, Gevo's petition presents the exact same legal question as that in *Teva*, as to which the Supreme Court has already granted certiorari. Thus, Gevo's petition is also likely to be granted. *See Dep't of Treasury, IRS v. Fed. Labor Relations Auth.*, 862 F.2d 880, 884 (D.C. Cir. 1989) ("It is likely that the Supreme Court will want to resolve this question, since it indicated its willingness to decide the same issue when it granted *certiorari* [in another case]"); *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. of Am. v. Wis. Emp't*

---

probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay. In close cases the Circuit Justice or the Court will balance the equities and weigh the relative harms to the applicant and to the respondent." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010). Application of this standard would also support a stay.

*Relations Bd.*, 340 U.S. 383, 386 (1951) (noting certiorari was granted "since this case raises the same substantial questions as those before the Court in [another pending case]").[4]

Moreover, Gevo submits that the Supreme Court is reasonably likely to change the Federal Circuit's standard of review for claim construction and vacate the panel's decision in this case. As explained in Gevo's writ petition, clear-error review is required by Rule 52(a)(6), which provides that findings of fact "must not be set aside unless clearly erroneous," and which is applicable to "all actions tried without a jury." *Pullman-Standard v. Swint*, 456 U.S. 273, 287-88 (1982); (Ex. A at 20). A deferential standard of review is also good policy, as district courts are in a far better position to evaluate the extrinsic and extrinsic record, and take and weigh expert and lay evidence, as is frequently required to determine what a person of ordinary skill in the art would have understood a patent to mean. (*See* Ex. A at 21-22.) For these reasons and others, the *de novo* review standard has long been criticized by some on the Federal Circuit as legally infirm, absurd, and unpredictable. (*See id.* at 3-6); *see also, e.g.*, *Lighting Ballast Control LLC*, 744 F.3d at 1316-17 (Rader, J., O'Malley, J., Reyna, J., and Wallach, J., dissenting) ("When a district court makes fact-findings needed to resolve claim construction disputes, Rule 52(a) requires us to defer to those findings unless they are clearly erroneous."); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1330, 1332 (Fed. Cir. 2005) (en banc) (Mayer, J. and Wallach, J., dissenting) (discussing "the absurdity[] of this court's persistence in adhering to the falsehood that claim construction is a matter of law devoid of any factual component," and observing that

---

[4]   At a minimum, Gevo believes its petition is a strong candidate for "grant, vacate, and remand" review, under which the Supreme Court may hold its petition until decision in *Teva*, and may grant the petition, vacate the Federal Circuit's decision, and remand to the district court if the Supreme Court's decision in *Teva* so warrants. *See Lawrence v. Chater*, 516 U.S. 163, 166-67 (1996) (explaining that GVR is appropriately exercised in light of intervening developments such as decisions of this Court).

"we are obligated by Rule 52(a) to review the factual findings of the district court that underlie the determination of claim construction for clear error."*); Cybor Corp.*, 138 F.3d at 1480 (Newman, J., additional views) ("By continuing the fiction that there are no facts to be found in claim interpretation, we confound rather than ease the litigation process. Without doubt, factual disputes arise and must be resolved in order to interpret the claims.").

In the event the Supreme Court rules for Gevo, a brief stay would undoubtedly simplify future proceedings. Indeed, through a clear-error lens, the Federal Circuit would have to reinstate this Court's claim construction and summary judgment rulings, including its dismissal of Butamax's claims under both patents-in-suit. Because this would obviate the need for a trial, a stay will unquestionably simplify—and, indeed, may eliminate—any future proceedings.

**B.     The balance of harms strongly favors a stay.**

Given the likely outcome on the merits, a stay would unquestionably benefit the parties, the Court, and the public. Absent a stay, the parties and the Court will be forced to prepare for and try a case this summer based on the Federal Circuit's construction of Butamax's claims, spending thousands of man-hours and millions of dollars preparing for and conducting a lengthy trial. Gevo submits that this would be a tremendous waste of resources if, as is likely, the Supreme Court grants Gevo's writ petition, clarifies the proper clear-error standard of review, and vacates the Federal Circuit's ruling. Because a stay could prevent an unneeded and drastic waste of judicial, party, and juror resources, a stay is in the interest of all. *See, e.g.*, *Versata Software, Inc. v. Dorado Software, Inc.*, No. 2:13-cv-00920-MCE-DAD, 2014 U.S. Dist. LEXIS 42509, at *11 (E.D. Cal. Mar. 27, 2014) ("[I]t would be a waste of judicial resources for this case to move forward at this time."); *SmithKline Beecham Corp. v. Apotex Corp.*, Nos. 99-cv-4304 *et al.*, 2004 U.S. Dist. LEXIS 13907, at *19-34 (E.D. Pa. July 16, 2004) (risk of unnecessary

expense "creates a risk of harm to all the parties to" the case); *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 448 (S.D.N.Y. 2010) ("[C]ourts have held that the likelihood of unnecessary, duplicative litigation can warrant a stay[.]" (collecting cases)); *cf. Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) ("[I]f this Court were to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of all those involved in such a trial would be wasted[.] . . . Such an outcome is unacceptable.")

Moreover, in contrast to Butamax, these are needless costs that Gevo, with its limited resources, simply cannot afford to bear. In April 2014, Gevo's financial auditors, for the first time, issued a so-called "going concern opinion," explaining that Gevo's current working capital is insufficient to fund planned operations through year-end, "rais[ing] substantial doubt about our ability to continue as a going concern." (Ex. C at 66 (Form 10-K, 2014).) Gevo's cash reserves ($24.6 million as of year-end 2013) presently are all Gevo has to fund its operations, commercialization activities, debt service, and the costs of litigation with Butamax. (*Id.*) While DuPont and Butamax (by affiliation) have deep pockets to fund litigation, and appear to see tactical benefits to trying to force a trial, Gevo simply cannot afford to waste its resources on proceedings that will likely be rendered a nullity by the Supreme Court.

For these reasons, the balance of party and public harms and the interests of justice strongly favors a stay. As explained in the *Teva* petition, "*de novo* treatment of factual findings aggravates the already-high cost of patent litigation," and "the unnecessary relitigation that the Federal Circuit's rule requires potentially costs billions." (Ex. B (*Teva* Cert. Pet.) at *21-22.) Pending the Supreme Court's review of the Federal Circuit's wasteful standard, this case should be stayed to prevent further, wasteful litigation.

### C.     The requested stay will be brief.

Gevo's requested stay will be brief and finite, thus minimizing any purported burden on Butamax.  Gevo has requested that its appeal be heard alongside the *Teva* case, which was one of the first cases on the Court's 2014-2015 calendar.  *See supra* note 2.  Both petitions could be heard as early as October 2014 and should be decided, at the latest, at the end of the Supreme Court's 2014-2015 term, in approximately summer 2015.  A stay of this duration is plainly warranted in view of the benefit to the parties and the Court, the potential harm to Gevo, and the likelihood that the Supreme Court will eliminate the need for a trial.  *See, e.g.*, *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1368-69 (Fed. Cir. 2011) (noting that appeal had been stayed nearly 17 months pending Supreme Court decision); *In re Itron, Inc.*, 31 F. App'x 664, 665 (Fed. Cir. 2002) (approving stay in patent case that was expected to last six months pending Supreme Court decision with "potential impact on this case"); *AsIs Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 U.S. Dist. LEXIS 117075, at *16 (N.D. Cal. Sept. 16, 2008) (approving year-long stay where related decision on appeal "would cause this Court to dismiss the suit and would obviate the need for further discovery and litigation").

### D.     The balance of relevant factors supports a stay.

These factors together—the probability that a trial can be avoided, the irreparable harm that Gevo will sustain absent a stay, the absence of harm to Butamax, and the limited nature of the proposed stay—support staying the case here.

Because the Supreme Court has already granted Teva's petition and Gevo has now filed an identical petition, this case presents the strongest possible argument for a stay pending Supreme Court proceedings.  Indeed, courts routinely stay proceedings before them where the Supreme Court appears likely to grant review in the same case.  *See, e.g.*, *Evans v. Buchanan*,

435 F. Supp. at 849 ("The stay granted herein shall remain in effect until the Supreme Court has acted on the defendants' petition . . . .  Of course, if the Supreme Court grants the petition for writ of certiorari, the stay granted herein would continue in effect.").  For example, in *Alaska Electrical Pension Fund*, 2009 U.S. Dist. LEXIS 52919, the defendants "filed a writ of certiorari to the United States Supreme Court seeking review of the Third Circuit's decision to reverse this Court's [order] granting Defendants summary judgment."  *Id.* at *2-3.  Observing that "the United States Supreme Court granted a writ of certiorari in a case presenting similar questions of law and fact," the district court ordered a stay of proceedings pending the Supreme Court's decision in the similar case, as well as pending the defendants' own petition for a writ of certiorari.  *Id.*  These are the circumstances here.  Gevo has petitioned for a writ of certiorari on the exact same issue the Supreme Court has agreed to decide in *Teva*, leading to a strong likelihood that the petition will be granted and heard.  As in *Alaska Electrical Pension Fund*, a stay should issue here.

Moreover, even had Gevo not filed its own petition, the pendency of the *Teva* case would, alone, warrant a stay.  Loathe to squander scarce resources, district courts frequently stay their hands when the cases before them may or might be affected by other cases pending in the Supreme Court.  *See, e.g.*, *Versata Software,* 2014 U.S. Dist. LEXIS 42509, at *10-12 (staying case pending Supreme Court decision that "could affect the parties' instant dispute" because "it would be a waste of judicial resources for this case to move forward at this time"); *Bascom Research LLC v. Facebook, Inc.*, Nos. C 12-6293, C 12-6294 SI, 2014 U.S. Dist. LEXIS 4000, at *4-7 (N.D. Cal. Jan. 13, 2014) (stay warranted because "the Supreme Court's decision in *Alice Corporation* will provide important guidance regarding software patentability," such that "it does not make sense to proceed"); *Pod-Ners, LLC v. Tutuli Produce Corp.*, No. CV 99-10172, 2001

14

U.S. Dist. LEXIS 25945, at *4-5 (C.D. Cal. Aug. 17, 2001) (staying case because "[t]he Supreme Court's decision will help resolve the underlying legal issue in Plaintiff's infringement claim and Defendants' claims for declaratory relief"); *Headen v. Mentor Corp.*, No. 96-1459, 1997 U.S. Dist. LEXIS 451, at *3 (E.D. Pa. Jan. 17, 1997) (noting stay after the Supreme Court "granted *certiorari* in a case presenting similar . . . issues to the one *sub judice*").

In *Homa v. American Express Co.*, No. 06-2986 (JAP), 2010 U.S. Dist. LEXIS 110518 (D.N.J. Oct. 18, 2010), for example, the court stayed the case pending an anticipated Supreme Court decision, reasoning that "[t]he Supreme Court's decision may obviate the need for any further litigation in this case," and that a stay "will act to prevent the possibility of having any advancement nullified or substantially altered by [the Supreme Court]." *Id. at* *26. Notwithstanding the effect of any delay on the plaintiff, the court concluded that "failing to grant a stay at this time may in fact prolong, rather than expedite, this litigation." *Id.* The same rationale applies here. In the likely event that Gevo's petition for certiorari is granted, Gevo will ask the Supreme Court to reverse the Federal Circuit, restore this Court's order on summary judgment, and dismiss the case. Given the strong possibility that Gevo will succeed, this Court should enter a stay to avoid the possibility "of having any advancement nullified or substantially altered" by the Gevo and *Teva* petitions. *Id.*

## V.   CONCLUSION

For the foregoing reasons, pursuant to the Court's inherent authority, the Court should grant Gevo's motion to stay the 11-054 action related to Butamax's patents-in-suit pending the Supreme Court's review of Teva's and Gevo's petitions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Thomas C. Grimm
_____

Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
skraftschik@mnat.com
    *Attorneys for Gevo, Inc.*

OF COUNSEL:

Stephen C. Neal
Michelle S. Rhyu
Daniel Knauss
Adam Trigg
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
(650) 843-5000

James P. Brogan
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
(720) 566-4000

April 25, 2014

8197985.1