IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUTAMAX™ ADVANCED BIOFUELS LLC, )<br>)<br>Plaintiff/Counterclaim )<br>Defendant )<br>)<br>v. )<br>)<br>GEVO, INC., )<br>)<br>Defendant/Counterclaim )<br>Plaintiff )<br>v. )<br>)<br>E.I. DUPONT DE NEMOURS AND )<br>COMPANY, )<br>)<br>Counterclaim Defendant ) | Civ. No. 11-54-SLR |

**ORDER**

At Wilmington this 19th day of May, 2014, having considered Gevo Inc.'s ("Gevo") briefing regarding no waiver of certain invalidity contentions and request for supplemental expert reports (D.I. 747) and the papers submitted therewith;

IT IS ORDERED, for the following reasons, that Gevo will not be allowed to present defenses of lack of enablement and written description at trial:

1. On February 18, 2014, the Federal Circuit reversed-in-part, vacated-in-part, and remanded this court's decisions on claim construction and summary judgment.[1] *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. 2013-1342, 2014 WL 593486 (Fed. Cir. Feb. 18, 2014). The Federal Circuit specifically construed the disputed limitations

---

[1] The procedural history of the case at bar has been presented several times and is not repeated here. (*See e.g.*, D.I. 707)

"acetohydroxy acid isomeroreductase having the EC number 1.1.1.86" in the '188 patent and "acetohydroxy acid isomeroreductase enzyme" in the '889 patent as "an enzyme, naturally occurring or otherwise, known by the E.C. number 1.1.1.86 that catalyzes the conversion of acetolactate to 2,3-dihydroxyisovalerate." *Id.* at *11. During the parties' claim construction briefing, plaintiff Butamax™ Advanced Biofuels LLC ("Butamax") proposed the construction "an enzyme that is structurally similar to acetohydroxy acid isomeroreductase or ketol acid reductoisomerase enzymes known by the EC number 1.1.1.86 and that converts acetolactate to 2,3- dihydroxyisovalerate" for the '188 patent. Butamax's proposed the same construction for the '889 patent, omitting the reference to the EC number. (D.I. 480, ex. A & B)

2. Gevo raised the affirmative invalidity defense for failure to comply with the requirements of 35 U.S.C. § 112 in its responsive pleadings. (D.I. 10; D.I. 52) Gevo then disclosed § 112 defenses in its interrogatory responses on August 2011 and in supplemental interrogatory responses on November 16, 2012. (D.I. 747 at 6-7) Gevo did not thereafter provide expert reports regarding these invalidity defenses or raise them in the parties' joint pretrial order. (D.I. 700)

3. Butamax has repeatedly contended that its proposed construction encompasses engineered enzymes. The court concludes that Butamax's proposed construction and the Federal Circuit's construction[2] are not significantly different. As Gevo did not move forward with these invalidity defenses after raising them in its

---

[2]The irony that Gevo contends that the Federal Circuit's construction results in the asserted claims lacking written description and enablement support is not lost on the court.

2

interrogatories, these defenses were not vetted through the discovery process.[3] For these reasons, the court will not allow Gevo to assert these defenses at trial.[4]

IT IS FURTHER ORDERED that the parties will present the infringement issues to the jury. The Federal Circuit vacated this court's findings regarding infringement, stating in part that Gevo argued that "a person of ordinary skill in the art would not draw the same conclusions from the experiments as the conclusions drawn by Butamax's expert." 2014 WL 593486, at *11. As there are material issues of fact to resolve,[5] infringement will be tried to the jury.

                                                                                     _____
                                                                                    United States District Judge

---

[3]Gevo, in its responsive and opening brief in support of its motion for summary judgment of non-infringement, argued that "the claims would be invalid for lack of written description and enablement if they are not limited to an NADPH-dependent KARI." (D.I. 611 at 23-26) However, Gevo did not support this argument with expert reports.

[4]Butamax's motion for leave to file a surreply (D.I. 758) is denied as moot.

[5]Gevo did not concede infringement should the court adopt Butamax's proposed construction during the summary judgment motion practice. (D.I. 611 at 46-49)