IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BUTAMAX™ ADVANCED BIOFUELS LLC, | ) ) ) | |
| Plaintiff/Counterclaim Defendant | ) ) ) ) | |
| v. | ) ) | Civ. No. 11-54-SLR |
| GEVO, INC., | ) ) ) | |
| Defendant/Counterclaim Plaintiff | ) ) ) | |
| v. | ) ) | |
| E.I. DUPONT DE NEMOURS AND COMPANY, | ) ) ) ) | |
| Counterclaim Defendant | ) | |

**O R D E R**

At Wilmington this 27th day of June, 2014, having considered Gevo Inc.'s ("Gevo") motion for reconsideration-in-part of the court's decision regarding invalidity defenses (D.I. 770) and the papers submitted therewith;

IT IS ORDERED that Gevo's motion is denied. Gevo will not be allowed to present defenses of lack of enablement and written description at trial.

The court's conclusion regarding the presentation of these defenses remains unchanged despite Gevo's new assertion that it could present these defenses without expert testimony. As explained in the court's order dated May 19, 2014 (D.I. 766), while Gevo disclosed such defenses in its responses to interrogatories, Gevo did not follow through on preparation of these defenses (other than a few questions and responses in

depositions of two of Butamax's witnesses). Gevo did not substantially pursue these defenses through the course of discovery and Butamax was not given occasion to thoroughly vet such defenses in preparation for trial. Moreover, until the motion at issue, Gevo did not provide the court with an indication that it would be appropriate to go forward with such defenses without expert testimony. The recombinant DNA technology at issue has been presented by both parties as complicated and it has been suggested throughout the course of this action that expert testimony would be helpful, if not necessary, to a jury's understanding. *Cf. Wyers v. Master Lock Co.*, 616 F.3d 1231, 1242 (Fed. Cir. 2010) (finding that "expert testimony is not required when the references and the invention are easily understandable"); *Perfect Web Techs., Inc. v. Infousa, Inc.*, 587 F.3d 1324, 1330 (Fed. Cir. 2010) (holding that no expert testimony was required to understand a "common sense" obviousness determination).

_____
United States District Judge